ARGENTENA CONSOLIDATED MINING COMPANY, Appellant, *v.* JOLLEY URGA WIRTH WOODBURY & STANDISH, Respondent.

No. 50282

September 24, 2009   216 P.3d 779

*Sullivan Law Offices* and *J.D. Sullivan* and *Gene M. Kaufmann*, Minden, for Appellant.

*Jolley Urga Wirth Woodbury & Standish* and *William R. Urga* and *Christopher D. Craft*, Las Vegas, for Respondent.

## OPINION

By the Court, HARDESTY, C.J.:

This appeal arises out of a district court's order adjudicating an attorney-client fee dispute between appellant Argentena Consolidated Mining Company and its former law firm respondent Jolley Urga Wirth Woodbury & Standish. Jolley Urga defended Argentena in the underlying personal injury action between Argentena and an injured plaintiff. In this opinion, we must determine whether, in the absence of an enforceable charging lien or the client's request or consent to the district court's adjudication of a retaining lien, and in light of the client's legal malpractice allegation, a district court has jurisdiction to adjudicate an attorney-client fee dispute in the underlying action in which the attorney's services were rendered.

We conclude that absent an enforceable charging lien or the client's request or consent to the district court's adjudication of a retaining lien, the district court is without jurisdiction to adjudicate an attorney-client fee dispute in the underlying action. We further conclude that when the client asserts legal malpractice as a defense against the attorney's claim for fees, it is particularly inappropriate to summarily adjudicate the fee dispute in the underlying action. We instruct that when the district court lacks jurisdiction to adjudicate the fee dispute or the client objects to the court's adjudication of the dispute based on its legal malpractice claim against the attorney, the attorney seeking to recover fees should file a separate action to do so.

## FACTS AND PROCEDURAL BACKGROUND

Argentena is a Nevada corporation that does business in Clark County, Nevada, and is the alleged owner of an abandoned mine located in southern Nevada. In the case underlying this appeal, Argentena was one of several defendants sued by the plaintiff for severe injuries, including quadriplegia, partial blindness, and brain damage, which the plaintiff sustained while inside the abandoned mine shaft during a ''high-tech'' scavenger hunt. Argentena retained Jolley Urga to represent it in the personal injury suit.

After approximately three years of litigation, and near the end of a three-week trial, Jolley Urga entered into a settlement agreement with the plaintiff on behalf of Argentena. The terms of the settlement provided for a dismissal of all of the plaintiff's claims against Argentena and Argentena's waiver of ''any and all costs or rights to be able to go against the plaintiff in this action,'' which included Argentena's right to recover attorney fees from the plaintiff.

After entering into the settlement agreement, Jolley Urga, on behalf of Argentena, orally moved for a good-faith settlement of the personal injury action during a hearing before the district court, which the district court granted. Shortly after the hearing regarding the good-faith settlement, Argentena terminated its attorney-client relationship with Jolley Urga and retained another law firm. Argentena claimed that it did not authorize Jolley Urga to waive its right to recover attorney fees as part of the settlement and, as a result, Argentena refused to pay Jolley Urga's fees, totaling $213,990.62. Jolley Urga maintained that it communicated the settlement agreement to Argentena and it withheld Argentena's file as a retaining lien until it obtained adequate assurances that its attorney fees would be paid.

Jolley Urga then filed a motion in the underlying action requesting that the district court adjudicate ''its Attorney's lien'' and enter judgment totaling $213,990.62 in attorney fees. Argentena opposed the motion, arguing that the district court could not adjudicate the disputed fees because Jolley Urga did not have an enforceable charging lien and Argentena did not consent to the district court's adjudication of Jolley Urga's retaining lien. Moreover, Argentena alleged that by waiving Argentena's right to recover attorney fees from the plaintiff without authorization, Jolley Urga committed legal malpractice and was not entitled to attorney fees, which, according to Argentena, further rendered such summary proceedings inappropriate.

Jolley Urga replied, contending that *Sarman v. Goldwater, Taber and Hill*, 80 Nev. 536, 396 P.2d 847 (1964), authorizes district courts to adjudicate fee disputes in the underlying actions irrespective of an attorney's lien because of the district court's incidental powers. Regarding Argentena's legal malpractice claim, al-

though Jolley Urga acknowledged that summary adjudication of an attorney-client fee dispute is generally improper when the client alleges that the attorney committed legal malpractice, Jolley Urga contended that the district court could properly adjudicate the dispute because, in its view, Argentena's malpractice claim was baseless.

The district court granted Jolley Urga's motion in a summary proceeding and entered judgment in favor of Jolley Urga, awarding attorney fees in the amount of $213,990.62. Argentena appeals.

## DISCUSSION

On appeal, Argentena contends that the district court lacked jurisdiction to resolve the fee dispute in the underlying action because Jolley Urga did not have an enforceable charging lien, Argentena did not request or consent to the district court's adjudication of Jolly Urga's retaining lien, and Jolley Urga committed legal malpractice. Jolley Urga argues that *Sarman v. Goldwater, Taber and Hill*, 80 Nev. 536, 396 P.2d 847 (1964), is dispositive of this issue and demonstrates that the district court had jurisdiction to resolve the fee dispute between Argentena and Jolley Urga in the underlying action and further alleges that Argentena's legal malpractice claim is meritless. Therefore, we are asked to determine whether, in light of Argentena's contentions, the district court had jurisdiction to summarily adjudicate the fee dispute between Argentena and Jolley Urga and enter a judgment that awarded Jolley Urga attorney fees in the underlying action in which Jolley Urga's services were rendered.

### Standard of review

The primary issue before this court—whether the district court exceeded its jurisdiction when it resolved an attorney-client fee dispute in the pending action—is a question of law. *See generally Settelmeyer & Sons v. Smith & Harmer*, 124 Nev. 1206, 1215, 197 P.3d 1051, 1057 (2008) (considering whether the district court lacked authority to adjudicate an attorney-client fee dispute). Questions of law are subject to de novo review. *Commission on Ethics v. Hardy*, 125 Nev. 285, 291, 212 P.3d 1098, 1103 (2009). Assuming that the district court had jurisdiction to resolve the fee dispute, its attorney fees award is reviewed under an abuse of discretion standard. *Settelmeyer & Sons*, 124 Nev. at 1215, 191 P.3d at 1057.

### Attorney's liens in Nevada

Nevada recognizes two kinds of attorney's liens. *Figliuzzi v. District Court*, 111 Nev. 338, 342, 890 P.2d 798, 801 (1995). The first

lien, a creature of statute,[1] is "a special or charging lien on the judgment or settlement [that] the attorney has obtained for the client." *Figliuzzi*, 111 Nev. at 342, 890 P.2d at 801. The second lien, established at common law, is a general or retaining lien, which allows a discharged attorney to withhold the client's file and other property until the court, at the request or consent of the client, adjudicates the client's rights and obligations with respect to the lien. *Id.* The district court's jurisdiction over these two liens arises, however, in distinctive manners.

### *Jurisdiction over charging and retaining liens*

This court has established that "[a] district court is empowered to render a judgment either for or against a person or entity only if it has jurisdiction over the parties and the subject matter." *C.H.A. Venture v. G. C. Wallace Consulting*, 106 Nev. 381, 383, 794 P.2d 707, 708 (1990). The district court's in personam jurisdiction to adjudicate a fee dispute based on a charging lien is derived from the fact that the client has already submitted himself or herself to the court's jurisdiction and the court has personal jurisdiction over the attorney due to the attorney's appearance as the client's counsel of record. *Earl v. Las Vegas Auto Parts*, 73 Nev. 58, 63, 307 P.2d 781, 783 (1957). Concerning the court's subject matter jurisdiction, the court has in rem jurisdiction to resolve a fee dispute between an attorney and client, which arises from a charging lien, because the attorney's fee "is recovered on account of the suit or other action." NRS 18.015(3); *see, e.g.*, *Johnston v. Stephens*, 266 S.W. 881, 882 (Ky. 1924) (stating that "the judgment [with respect to a charging lien] in the absence of pleadings, summons, or entrance of appearance would be in rem only"); *Rhoads v. Sommer*, 931 A.2d 508, 523 (Md. 2007) (concluding that proceedings to enforce charging liens are proceedings in rem); *In re Davis' Estate*, 169 N.Y.S.2d 983, 989 (Sur. Ct. 1957) (same). Thus, the court acquires incidental jurisdiction

---

[1]NRS 18.015, the statute governing charging liens, provides, in pertinent part:

1. An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in his hands by a client for suit or collection, or upon which a suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.

. . . .

3. The lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section.

over the parties and the subject matter. *See Earl*, 73 Nev. at 63, 307 P.2d at 783.

Regarding the district court's jurisdiction to adjudicate a fee dispute based on a retaining lien, this court has previously held that a retaining lien is a passive lien that cannot be actively enforced by the attorney in judicial proceedings. *Figliuzzi v. District Court*, 111 Nev. 338, 342, 890 P.2d 798, 801 (1995); *Morse et al. v. District Court*, 65 Nev. 275, 282-84, 195 P.2d 199, 202-04 (1948). Because a retaining lien is a passive lien, the client determines whether it wants to extinguish the lien by requesting that the court compel the former attorney to deliver the client's files. *Figliuzzi*, 111 Nev. at 343-44, 890 P.2d at 801-02. When the client seeks to extinguish the retaining lien, the client must provide adequate or substitute security in exchange for having the files returned. *Id.* Even when a client requests that the court compel the return of his or her files from the former attorney, and the client does not provide payment for the lien or does not consent to posting substitute security, the court is without jurisdiction to extinguish the retaining lien. *Id.* Consequently, the district court's jurisdiction to adjudicate a retaining lien is invoked as a result of the client's request to obtain his or her files and consent to provide adequate or substitute security in exchange. *See Figliuzzi*, 111 Nev. at 339, 890 P.2d at 799 (providing that the district court has jurisdiction to enforce an attorney's retaining lien upon the client's consent); *Morse*, 65 Nev. at 291, 195 P.2d at 206-07 ("[W]here the attorney is brought into court upon application of his client, to compel the attorney to turn over the money or papers upon which he claims a lien . . . the court may ascertain the extent of the lien and enforce it." (emphasis omitted) (quoting 7A C.J.S. *Enforcement of Retaining Lien* § 290 (1980)). If the court lacks jurisdiction to resolve the retaining lien, the attorney may keep possession of the former client's files and the attorney's recourse is to file a separate action to recover for the services expended on behalf of the former client. *See* Don C. Smith, Jr., *Cause of Action by Attorney for Recovery of Fee Under Contingent Fee Contract*, *in* 5 Causes of Action 259, 299 (1st ed. 1983) (stating that "[w]hen there is no lien involved, the attorney must proceed in a separate action at law" to resolve the fee dispute); *see also* 7A C.J.S. *Attorney & Client* §§ 419, 422 (2004) (discussing when the attorney and client agreed to the value of the attorney's services prior to representation, "[t]he proper form of action by which to enforce payment, generally, is by an action at law on the contract").

Having clarified when a district court has jurisdiction to adjudicate an attorney-client fee dispute in the underlying action in which the attorney's services were rendered, we examine whether the dis-

trict court in this case had jurisdiction to adjudicate the dispute between Jolley Urga and Argentena.

*The district court did not have jurisdiction based on an enforceable charging lien*

Argentena argues that the district court did not have jurisdiction over an enforceable charging lien in this case because an attorney's charging lien only exists when the "client has filed suit and asserted an affirmative claim for damages." Because Argentena did not seek or obtain any affirmative recovery in the underlying action, it argues that there could be no basis for a charging lien. We agree.

A charging lien is a lien on the judgment or settlement that the attorney has obtained for the client. NRS 18.015; *Figliuzzi v. District Court*, 111 Nev. 338, 342, 890 P.2d 798, 801 (1995). Here, it is undisputed that Argentena did not file an affirmative claim against the plaintiff in the underlying action. And although Jolley Urga obtained a dismissal of all claims against Argentena, the settlement did not result in any recovery for Argentena. In the absence of affirmative relief that Jolley Urga obtained for Argentena, we conclude that Jolley Urga did not have an enforceable charging lien over which the district court had incidental jurisdiction to adjudicate in the underlying case. Thus, we turn to whether the district court had jurisdiction to adjudicate Jolley Urga's retaining lien.

*The district court did not have jurisdiction to extinguish Jolley Urga's retaining lien*

Argentena argues that the district court did not have jurisdiction to adjudicate Jolley Urga's retaining lien because a district court obtains jurisdiction over the retaining lien only when the client requests or consents to the district court's adjudication of the lien. Because Argentena did not request or consent to such adjudication, it asserts that the district court lacked jurisdiction to resolve the fee dispute in the underlying action. We agree.

A retaining lien allows a displaced attorney to withhold a client's file and other property until the client requests or consents to the court's adjudication of the dispute. *Figliuzzi*, 111 Nev. at 342, 890 P.2d at 801; *Morse*, 65 Nev. at 285, 195 P.2d at 204. The policy underlying this notion is based on the fact that a retaining lien is passive and cannot be actively enforced without the client's request or consent. *Morse*, 65 Nev. at 285, 195 P.2d at 204.

In this case, the parties do not dispute that Jolley Urga had a retaining lien against Argentena's file. However, Argentena neither requested nor consented to the district court's adjudication of Jolley Urga's retaining lien. Because Argentena failed to request or consent to the court's adjudication of the fee dispute in the underlying action, the district court lacked jurisdiction to ascertain the extent of the lien and to extinguish it. *See Figliuzzi*, 111 Nev. at 339, 890 P.2d at 799. Therefore, we conclude that the district court exceeded its jurisdiction to enforce Jolley Urga's retaining lien.

Because an enforceable charging lien did not exist in this case and Argentena did not consent to the district court's adjudication of Jolley Urga's retaining lien, we must now determine whether the district court nevertheless had jurisdiction to adjudicate the fee dispute in the underlying action.

*The district court lacked jurisdiction to adjudicate the fee dispute in the underlying action in which Jolley Urga's services were rendered*

Jolley Urga argues that regardless of whether an enforceable charging lien existed or Argentena refused to consent to the court's adjudication of the fee dispute, this court's statements in *Sarman v. Goldwater, Taber and Hill*, 80 Nev. 536, 540-41, 396 P.2d 847, 849 (1964), demonstrate that this court has previously approved of a district court's adjudication of a fee dispute and subsequent entry of judgment against the client in the underlying action based on the district court's incidental powers to resolve fee disputes. We reject Jolley Urga's claim and clarify the breadth of the statements upon which Jolley Urga relies.

In *Sarman*, the court considered whether the district court had jurisdiction to fix the fee of the discharged counsel and enter a binding judgment in a summary proceeding in the underlying guardianship action. 80 Nev. at 539, 396 P.2d at 849. The client in *Sarman* fired her attorney who represented her in the guardianship action and requested that the attorney deliver her files to her new counsel and submit a statement for services rendered. *Id.* at 538, 396 P.2d at 848. The former attorney notified the client that it would retain her files until the client paid for the attorney's past services. *Id.* The client disputed the amount of fees and sought to compel her former counsel to relinquish her file. *Id.* at 538-39, 396 P.2d at 848. As a result, the district court held a hearing at which evidence was submitted regarding the value of the former attorney's services. *Id.* at 539, 396 P.2d at 848. The client did not object to the district court's jurisdiction to resolve the dispute but consented to the procedures taken by the district court. *Id.* As a result of the attorney's retaining lien and the client's consent to the procedures in the underlying action, the district court enforced the lien against the client by fixing

the attorney's fees and ordering the attorney to deliver the files to the client upon receipt of payment or substitute security for the amount of fees due. *Id.* at 538, 396 P.2d at 848.

On appeal, the client challenged the district court's jurisdiction to enter the order adjudicating the fee dispute. *Id.* The *Sarman* court first noted that the district court had jurisdiction to resolve the retaining lien because the client had consented to the court's procedure for resolving the fee dispute. *Id.* at 539, 396 P.2d at 848. The *Sarman* court further affirmed the district court's adjudication of the dispute, relying on the district court's original jurisdiction of guardianship matters, in light of this court's previous statement— that district courts have "incidental jurisdiction" to adjudicate an attorney-client fee dispute in the underlying action regardless of whether a valid lien exists. *Id.* at 540-41, 396 P.2d at 849. The *Sarman* court also stated that the district court's authority is "unrelated to the nature of the lien sought to be enforced." *Id.* at 540, 396 P.2d at 849.

As a result of these statements made in *Sarman*, Jolley Urga contends that the district court had jurisdiction to resolve the fee dispute in the underlying action. We conclude that Jolley Urga's reliance on the statements made in *Sarman* regarding the district court's powers is misplaced because those statements constitute dicta and are overbroad. Moreover, we note that *Sarman* and the cases that it relied on are factually inapposite from the matter presented to this court in this appeal.

> *Sarman's statements regarding incidental jurisdiction constitute dicta and are, nevertheless, overbroad*

Dicta is not controlling. *Kaldi v. Farmers Ins. Exch.*, 117 Nev. 273, 282, 21 P.3d 16, 22 (2001). A statement in a case is dictum when it is "unnecessary to a determination of the questions involved." *See St. James Village, Inc. v. Cunningham*, 125 Nev. 211, 216, 210 P.3d 190, 193 (2009) (quoting *Stanley v. Levy & Zentner Co.*, 60 Nev. 432, 448, 112 P.2d 1047, 1054 (1941)). Because the attorney in *Sarman* had a retaining lien, and the client consented to the district court's adjudication of the fee dispute in that case, it was unnecessary for the Sarman court to consider whether the district court had jurisdiction to resolve an attorney-client fee dispute in a pending action regardless of whether the client sought to extinguish the attorney's retaining lien. As such, we conclude that the statements concerning a court's incidental jurisdiction to resolve an attorney-client fee dispute in a pending matter when the client is moving the court to resolve a retaining lien are not binding, as they constitute dicta. As previously noted, a district court has jurisdiction to resolve a fee dispute based on a retaining lien when the client consents, as were the facts in *Sarman*.

To the extent that the *Sarman* court held that a court has "incidental jurisdiction" to resolve an attorney-client fee dispute regardless of whether a valid lien existed, we conclude that the *Sarman* opinion is overbroad. Specifically, in stating that a district court has power to resolve fee disputes in the underlying action irrespective of whether the attorney sought to enforce a lien, the *Sarman* court relied, in part, on *Gordon v. Stewart*, 74 Nev. 115, 116, 324 P.2d 234, 235 (1958). In *Gordon*, the attorney had neither a charging or retaining lien against the client. Rather, the "withdrawing attorneys simply asked the court to fix the compensation due them for services performed prior to their withdrawal," which, according to the *Sarman* court, indicated that a court's power to resolve an attorney-client fee dispute is "unrelated to the nature of the lien sought to be enforced," so that the court could adjudicate the fee dispute regardless of whether the attorney sought adjudication of a lien or not. *Sarman*, 80 Nev. at 540, 396 P.2d at 849. In reviewing the *Gordon* opinion, however, like the *Sarman* court, the *Gordon* court conflated statements made in *Earl v. Las Vegas Auto Parts*, 73 Nev. 58, 307 P.2d 781 (1957), and improperly extended the *Earl* court's holding. *See Gordon*, 74 Nev. at 116, 324 P.2d at 235.

In *Gordon*, the attorneys, on behalf of the client, filed counterclaims against the plaintiffs. *Id.* The attorneys and the client agreed that the attorneys would receive a contingency fee from the damages recovered by the counterclaim. *Id.* Thereafter, the attorneys withdrew as counsel for the client. *Id.* As a result, the attorneys had neither a charging nor a retaining lien. Nonetheless, the attorneys moved the district court to fix their compensation based on quantum meruit principles. *Id.* The client consented to the district court's jurisdiction to ascertain the reasonable value of the fees sought by the attorneys. Consequently, the district court fixed the attorney's compensation. *Id.*

On appeal, the *Gordon* court affirmed the fee award, in part, on the basis that the district court had incidental jurisdiction to adjudicate the attorney-client fee dispute "in the action in which the attorney's services were rendered . . . relative to the establishment of an attorney's lien." 74 Nev. at 118, 324 P.2d at 236. In reaching this conclusion, the *Gordon* court relied on statements made by the *Earl* court. The *Earl* court was asked to consider the district court's jurisdiction to resolve a fee dispute that arose from an attorney's charging lien and affirmed the district court's adjudication of a fee dispute that arose from a charging lien. *Earl*, 73 Nev. at 60, 307 P.2d at 781-82. The *Earl* court specifically held that a court's power to "enforce or determine the validity of the attorney's claimed lien" in the pending action was due to the court's personal jurisdiction over the parties and subject matter jurisdiction of the charging lien. *Id.* at 62-64, 307 P.2d at 783.

As stated previously, a district court may enter judgment against a person or entity if the court has personal and subject matter jurisdiction over the parties and matter in dispute. *C.H.A. Venture v. G.C. Wallace Consulting*, 106 Nev. 381, 383, 794 P.2d 707, 708 (1990). In *Earl*, the district court had personal jurisdiction over the parties to the fee dispute, and because a district court obtains in rem jurisdiction to adjudicate a charging lien, the district court had jurisdiction to extinguish the charging lien. Thus, in *Earl*, the district court had incidental jurisdiction to resolve the attorney's charging lien in the action in which the attorney's services were rendered.

*Gordon*, however, did not involve a charging lien. And the attorney in that case voluntarily withdrew, compared to the *Earl* attorney who was discharged by the client; furthermore, the *Gordon* client consented to the district court's adjudication of the fee dispute. Because of these factual distinctions, we conclude that the *Gordon* court improperly extended the *Earl* court's holding. Hence, we reject *Sarman* and *Gordon* to the extent that those opinions indicate that the district court has the power to resolve a fee dispute in the underlying action irrespective of whether the attorney sought adjudication of a lien. We also note that *Gordon* and *Earl* are inapposite to *Sarman* because *Gordon* did not involve an attorney seeking to enforce any type of lien and *Earl* involved a charging lien, whereas *Sarman* involved a retaining lien.

Because the *Sarman* court's statements indicating that district courts have incidental jurisdiction to adjudicate fee disputes in the underlying action and that the court has power to do so irrespective of the type of attorney's lien at issue and whether the attorney sought to enforce a lien at all constitute dicta and are overbroad, we limit or reject those statements to the extent that they are contrary to our holding in this opinion. We reiterate that the district court has jurisdiction to adjudicate a fee dispute in the underlying action upon the existence of an enforceable charging lien or the client's request or consent to the court's adjudication of a retaining lien.

### Sarman is factually inapposite to the appeal at hand

Aside from the fact that the statements in *Sarman* constitute dicta and are overbroad, we further conclude that *Sarman* is inapposite to the disposition of this case based on two important facts. First, as explained above, the client in *Sarman* consented to the district court's adjudication of the displaced attorney's retaining lien, as the *Sarman* court explicitly explained that the client in that case "did not object to the power of the lower court to hear evidence and determine the fee due her displaced attorneys, but consented to the procedure outlined by the court." 80 Nev. at 539, 396 P.2d at 848. Unlike the client in *Sarman*, Argentena did not request or consent to the district court's adjudication of Jolley Urga's retaining lien.

Second, the client in *Sarman* (and the clients in *Gordon* and *Earl*, the cases upon which the *Sarman* and *Gordon* courts relied) did not assert a legal malpractice claim against the fee-seeking attorney as a defense. This court has stated that when the client asserts that the attorney committed legal malpractice, it is proper for the district court to refuse to decide those issues in a summary proceeding in the pending case. *Morse et al. v. District Court*, 65 Nev. 275, 287-88, 195 P.2d 199, 204-05 (1948).

In this case, Argentena argued that Jolley Urga was not authorized to waive Argentena's right to recover attorney fees from the plaintiff. While Jolley Urga concedes that a summary proceeding is inappropriate when the client asserts a legal malpractice claim against its former attorney, Jolley Urga argues that the district court's summary proceedings were proper in this case because Argentena's legal malpractice claim lacked merit.

We reject Jolley Urga's proposition that the district court's summary adjudication of the dispute was proper because Argentena's legal malpractice defense allegedly lacked merit. Instead, we reiterate statements made in *Morse* and conclude that a district court's summary adjudication of a fee dispute in the underlying action is inappropriate when the client asserts negligence or misconduct on the part of their former attorney. *See* 65 Nev. at 287-88, 195 P.2d at 204-05. For these reasons, we determine that *Sarman* is distinguishable from the facts of this case and conclude that *Sarman* is inapposite.

In sum, because a district court lacks jurisdiction to summarily adjudicate an attorney-client fee dispute in the underlying action when the attorney does not have an enforceable charging lien or the client does not request that a retaining lien be extinguished or consent to the district court's adjudication of a retaining lien, we conclude that the district court was without power to adjudicate the fee dispute between Argentena and Jolley Urga. Because the district court exceeded its jurisdiction, we conclude that the district court's order is void. We further note that even if the district court had jurisdiction to resolve the fee dispute in this case, such summary proceedings would have been improper in light of Argentena's objection to the court's adjudication based on its legal malpractice claim. Accordingly, we reverse.

In reversing the district court's order and judgment, we further instruct that when an attorney does not have an enforceable charging lien, a client does not move the court to resolve the retaining lien, or the client refuses to consent to the court's adjudication of a retaining lien, the proper method by which the attorney should seek

adjudication of the fee dispute is an action against his or her former client in a separate proceeding. *See* Don C. Smith, Jr., *Cause of Action by Attorney for Recovery of Fee Under Contingent Fee Contract*, *in* 5 Causes of Action 259, 299 (1st ed. 1983) (stating that "[w]hen there is no lien involved, the attorney must proceed in a separate action at law" to resolve the fee dispute); *see also* 7A C.J.S. *Attorney & Client* §§ 419, 422 (2004) (when the attorney and client agreed to the value of the attorney's services prior to representation, "[t]he proper form of action by which to enforce payment, generally, is by an action at law on the contract"). Therefore, because the district court lacked jurisdiction to summarily adjudicate the dispute in this case, if Jolley Urga seeks resolution of the dispute, it must file a separate action against Argentena.

## CONCLUSION

We conclude that in the absence of an enforceable charging lien, a client's request to extinguish a retaining lien, or the client's consent to the district court's adjudication of a retaining lien, the district court lacks jurisdiction to adjudicate the attorney-client fee dispute in the underlying action in which the attorney's services are rendered. Because Jolley Urga did not have an enforceable charging lien and Argentena did not request or consent to the district court's summary adjudication of Jolley Urga's retaining lien, we conclude that the district court exceeded its jurisdiction by employing the summary proceedings in the underlying action.[2] We further conclude that

---

[2] In addition, while we conclude that the district court's order is void for lack of jurisdiction, we further conclude that even if the district court had jurisdiction to resolve the dispute in the underlying action, we would nevertheless reverse the judgment because the court failed to include any basis for its decision in awarding the fees. The district court summarily granted Jolley Urga's request for adjudication and simultaneously entered judgment stating:

> The law firm of Jolley Urga Wirth Woodbury and Standish (the "JUWWS") represented Argentena Consolidated Mining Company ("Argentena") in the above-captioned matter. Following trial of the matter, Argentena refused to pay its attorneys' fees. Following a Motion brought by JUWWS, it was determined by the Court that JUWWS was rightly owed attorneys' fees in the amount of $213,990.62. Accordingly, it is hereby
>
> ORDERED, ADJUDGED and DECREED that JUWWS shall have and recover $213,990.6[2] from Argentena, with interest accruing at the statutory rate from August 1, 2007 moving forward.

As illustrated by the district court's conclusory judgment, the court failed to render any findings of the reasonableness of Jolley Urga's attorney fees. Even when district courts have jurisdiction to resolve fee disputes, courts must still make findings of reasonableness on awards of attorney fees under *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349-50, 455 P.2d 31, 33-34 (1969). We conclude that the district court's failure to make any findings on this issue would constitute an abuse of discretion if the district court had jurisdiction to resolve the fee dispute.

even if the district court had jurisdiction to adjudicate the fee dispute, such summary proceedings were improper in light of Argentena's objections to the proceedings based on its legal malpractice allegations. Therefore, we reverse the district court's order adjudicating the fee dispute and the entry of judgment against Argentena in the amount of $213,990.62 in attorney fees.

PARRAGUIRRE, DOUGLAS, CHERRY, SAITTA, GIBBONS, and PICKERING, JJ., concur.