131 Nev., Advance Opinion 90

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MCDONALD CARANO WILSON LLP, A NEVADA LIMITED LIABILITY PARTNERSHIP,
Appellant,
vs.
THE BOURASSA LAW GROUP, LLC; OASIS LEGAL FINANCE, LLC, A FOREIGN ILLINOIS LIMITED LIABILITY COMPANY; CALIFORNIA BACK SPECIALISTS MEDICAL GROUP, INC., A CALIFORNIA CORPORATION; CALIFORNIA MINIMALLY INVASIVE SURGERY CENTER; THOUSAND OAKS SPINE MEDICAL GROUP, INC., A CALIFORNIA CORPORATION; CONEJO NEUROLOGICAL MEDICAL GROUP, INC., A CALIFORNIA CORPORATION; AND MEDICAL IMAGING MEDICAL GROUP,
Respondents.

No. 64658

FILED

DEC 03 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order in an interpleader action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Reversed and remanded.*

McDonald Carano Wilson LLP and Rory Kay, George F. Ogilvie, III, and Patrick J. Murch, Las Vegas,
for Appellant.

The Bourassa Law Group, LLC, and Mark J. Bourassa and Christopher W. Carson, Las Vegas,
for Respondent The Bourassa Law Group, LLC.

15-36836

Boyack & Taylor and Edward D. Boyack, Las Vegas,
for Respondent Oasis Legal Finance, LLC.

California Back Specialists Medical Group, Inc.; California Minimally
Invasive Surgery Center; Thousand Oaks Spine Medical Group, Inc.;
Conejo Neurological Medical Group, Inc.; and Medical Imaging Medical
Group,
in Pro Se.

---

BEFORE PARRAGUIRRE, DOUGLAS and CHERRY, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

NRS 18.015 provides that "[a]n attorney at law shall have a lien . . . [u]pon any claim, demand or cause of action . . . which has been placed in the attorney's hands by a client for suit or collection," and that lien "attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action." NRS 18.015(1)(a), (4)(a). Here, we are asked to determine whether NRS 18.015 allows an attorney to enforce a charging lien even if that attorney withdrew before her client secured some form of recovery. We conclude that NRS 18.015 allows an attorney to enforce a charging lien against a client's affirmative recovery, even if that attorney withdrew before recovery occurred. Accordingly, we reverse the district court's order to the contrary and remand for further proceedings.

## FACTS

This appeal arises from an order refusing to enforce appellant McDonald Carano Wilson LLP's (McDonald Carano) charging lien against its former client's settlement funds. Robert Cooper initially retained

McDonald Carano to represent him in a personal injury action. After three years of representation, the district court granted McDonald Carano's motion to withdraw. McDonald Carano took steps to perfect a charging lien for more than $100,000 in attorney fees plus costs. Thereafter, Cooper retained The Bourassa Law Group (Bourassa), which obtained a $55,000 settlement for Cooper. Bourassa filed an interpleader action seeking proper distribution of the settlement funds among several claimants, including McDonald Carano. The district court concluded that McDonald Carano could not enforce its charging lien because it withdrew before settlement occurred. McDonald Carano appealed.

## DISCUSSION

This court has not yet determined whether an attorney's withdrawal prevents her from enforcing a charging lien under NRS 18.015. We review questions of statutory interpretation de novo. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). "When a statute's language is clear and unambiguous, it must be given its plain meaning." *Id.* "A statute is ambiguous if it is capable of being understood in two or more senses by reasonably well-informed persons." *Id.*

*McDonald Carano's withdrawal does not prevent it from enforcing its charging lien*

Charging liens are governed by NRS 18.015, which provides that "[a]n attorney at law shall have a lien . . . [u]pon any claim, demand or cause of action . . . which has been placed in the attorney's hands by a client for suit or collection," and that lien "attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action." NRS 18.015(1)(a), (4)(a).

The district court held McDonald Carano could not enforce its "charging lien because McDonald Carano withdrew from the Cooper matter prior to any settlement being obtained and did not obtain a settlement for the client." The district court based its decision on this court's statement that "[a] charging lien is a lien on the judgment or settlement that *the attorney has obtained for the client.*" *Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 534, 216 P.3d 779, 783-84 (2009) (emphasis added).

The district court's reliance on *Argentena* is misplaced. *Argentena* said nothing about whether withdrawn attorneys can enforce charging liens. It held that charging liens only apply when a client is entitled to affirmative monetary recovery. *Id.* at 534, 216 P.3d at 784. The language from *Argentena* that the district court relied on—"[a] charging lien is a lien on the judgment or settlement that the attorney has obtained for the client"—merely provided a general explanation of what a charging lien is.[1] *Id.* We did not consider whether withdrawing prior to

---

[1]The full paragraph reads as follows:

A charging lien is a lien on the judgment or settlement that the attorney has obtained for the client. Here, it is undisputed that Argentena did not file an affirmative claim against the plaintiff in the underlying action. And although Jolley Urga obtained a dismissal of all claims against Argentena, the settlement did not result in any recovery for Argentena. In the absence of affirmative relief that Jolley Urga obtained for Argentena, we conclude that Jolley Urga did not have an enforceable charging lien over which the district court had incidental jurisdiction to

*continued on next page . . .*

settlement precluded the enforcement of a charging lien; therefore, nothing in *Argentena* compels the conclusion that attorneys cannot assert a charging lien if they withdraw before judgment or settlement.

NRS 18.015's language unambiguously allows any counsel that worked on a claim to enforce a charging lien against any affirmative recovery. According to NRS 18.015(1)(a), "[a]n attorney at law shall have a lien" when a claim "has been placed in the attorney's hands by a client for suit or collection." In other words, an attorney "shall have a lien" if employed by a client; there is no requirement that the attorney serve the client at the moment of recovery. Instead, there is a generalized requirement of recovery so that the lien can actually attach to something of value. NRS 18.015(4)(a) (providing that charging liens "attach[ ] to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action"). Contrary to Bourassa's arguments, NRS 18.015 does not distinguish between pre- and post-recovery attorneys. It says that *any* attorney who worked on the case "shall have a lien" on the claim and that the lien attaches to *any* recovery. Therefore, the district court erred in holding that McDonald Carano's withdrawal precluded it from enforcing a charging lien because NRS 18.015's plain language makes no distinction between attorneys who

---

*. . . continued*

> adjudicate in the underlying case. Thus, we turn to whether the district court had jurisdiction to adjudicate Jolley Urga's retaining lien.

*Argentena*, 125 Nev. at 534, 216 P.3d at 783-84 (internal citations omitted).

worked on a case before recovery and those who were working on a case at the moment of recovery.

*On remand the district court must make additional findings*

Because the district court based its decision solely on McDonald Carano's withdrawal, it did not address certain necessary issues regarding disbursement of the settlement funds. Specifically, "the court must make certain findings and conclusions before distribution," including whether (1) NRS 18.015 is available to the attorney, (2) there is some judgment or settlement, (3) the lien is enforceable, (4) the lien was properly perfected under NRS 18.015(2), (5) the lien is subject to any offsets, and (6) extraordinary circumstances affect the amount of the lien. *Michel v. Eighth Judicial Dist. Court*, 117 Nev. 145, 151-52, 17 P.3d 1003, 1007-08 (2001). Further, the district court must determine the actual amount of the lien pursuant to the retainer agreement or, if there is no agreement, set a reasonable fee. *Id.* at 152, 17 P.3d at 1008. Finally, the district court must ensure that McDonald Carano's and Bourassa's fee agreements are not unreasonable. *See Marquis & Aurbach v. Eighth Judicial Dist. Court*, 122 Nev. 1147, 1160-61, 146 P.3d 1130, 1138-39 (2006); *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349-50, 455 P.2d 31, 33-34 (1969); RPC 1.5.

## CONCLUSION

NRS 18.015's language unambiguously allows any counsel that worked on a claim to enforce a charging lien against any affirmative recovery. Thus, the district court erred in holding that McDonald Carano cannot enforce its charging lien simply because it withdrew before its client's settlement. However, additional findings are needed to determine

whether McDonald Carano is entitled to a disbursement and, if it is, the amount of that disbursement. Accordingly, we reverse the district court's order and remand for further proceedings consistent with this opinion.

_____, J.
Parraguirre

We concur:

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A