# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID PHILLIPS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE ELISSA F.
CADISH, DISTRICT JUDGE,
Respondents,
and
PAMELA BURFORD; AND AURI ALLEN,
Real Parties in Interest.

No. 69722

FILED

JUL 1 3 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION
### FOR WRIT OF PROHIBITION OR MANDAMUS

This original petition for a writ of prohibition or mandamus challenges successive district court orders adjudicating an attorney's lien.

Real parties in interest Pamela Burford and Auri Allen were involved in a vehicular accident resulting in significant injuries. They hired petitioner David Phillips to represent their interests. Phillips settled with their insurer under their uninsured motorist coverage (UIM) and then filed a complaint against the other driver and the owner of the other vehicle.

Thereafter, Phillips obtained a default, but Burford and Allen became unsatisfied with Phillips and hired their current counsel to represent them. When Burford and Allen moved to substitute counsel, Phillips counter-moved for adjudication of his attorney lien arising from the fee agreement. Burford and Allen consented to the district court's adjudication of Phillips' lien and attorney fees, and the district court issued an order on November 8, 2010, adjudicating Phillips' lien on the

16-21809

UIM proceeds, stating the amounts that Phillips owed to Burford and Allen from those proceeds, and otherwise denying Phillips a lien on the pending litigation. Phillips appealed from that order, and this court dismissed the appeal under *Albert D. Massi, Ltd. v. Bellmyre*, 111 Nev. 1520, 908 P.2d 705 (1995), because Phillips was not a party to the underlying litigation. *Phillips v. Burford*, Docket No. 57290 (Order Dismissing Appeal, November 18, 2011).

After the appeal was dismissed, Phillips moved for clarification from the district court regarding whether it had personal jurisdiction over Phillips and jurisdiction to adjudicate Phillips' lien and the fee dispute. On September 12, 2012, the district court entered an order finding that Burford, Allen, and Phillips had consented to the district court's adjudication of the lien and attorney fees, and that it had jurisdiction. Phillips again appealed, and this court again dismissed the appeal under *Massi. Phillips v. Burford*, Docket No. 65605 (Order Dismissing Appeal, October 24, 2014).

More recently, Burford and Allen moved to enforce the district court's orders against Phillips and for an order to show cause why Phillips should not be held in contempt for failing to comply with the 2010 district court order. Phillips then filed the instant writ petition. Burford and Allen filed an answer and Phillips filed a reply.

Phillips argues that the district court does not have personal jurisdiction over him because a prima facie showing was not made and he is not a party to the underlying litigation who is entitled to appeal under NRAP 3A(a), and that the district court does not have subject matter jurisdiction over any issues concerning the UIM proceeds. The first argument confuses the district court's jurisdiction to adjudicate attorney

liens with a party's standing to appeal. Under NRAP 3A(a), an aggrieved "party" may appeal from one of the orders enumerated in NRAP 3A(b). We have previously held that an attorney is not a party to the underlying litigation, *Albert D. Massi, Ltd. v. Bellmyre*, 111 Nev. 1520, 908 P.2d 705 (1995), and so he may not appeal from a district court order adjudicating an attorney lien in that litigation. Instead, he must challenge such an order via petition for a writ of mandamus. *Id.* This point of appellate procedure and jurisdiction, however, is irrelevant to the district court's jurisdiction over an attorney and to adjudicate an attorney lien. Here, Phillips filed the complaint on behalf of his clients and moved for an adjudication of his lien, thus placing himself within the jurisdiction of the district court. *Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 532, 216 P.3d 779, 782-83 (2009) (noting that personal jurisdiction over the attorney can be based on "the attorney's appearance as the client's counsel of record").

Further, Phillips' second argument concerning the district court's subject matter jurisdiction also lacks merit. Initially, while the district court has jurisdiction under NRS 18.015[1] to adjudicate an attorney's charging lien, it is unclear from the record if any charging lien was perfected under NRS 18.015(2). *See Leventhal v. Black & LoBello*, 129 Nev., Adv. Op. 50, 305 P.3d 907, 909 (2013) (discussing perfection of a charging lien). Phillips also had a common law retaining lien on Burford's and Allen's files and the UIM proceeds. The district court's jurisdiction

---

[1]The 2013 Legislature amended NRS 18.015. 2013 Nev. Stat., ch. 79, § 1, at 271; S.B. 140, 77th Leg. (Nev. 2013). This writ petition is governed by the pre-amendment version of NRS 18.015, which only provided for charging liens. *See* NRS 18.015 (2012).

over the retaining lien was governed by *Argentena*. In *Argentena*, we held that a district court could adjudicate a retaining lien with the consent of the clients. 125 Nev. at 534, 216 P.3d at 784. Here, Burford and Allen consented to the district court's adjudication of the retaining lien, giving the district court jurisdiction to do so. *Id.* Thus, we agree with the district court that it had personal and subject matter jurisdiction to enter the November 8, 2010, order regarding Phillips' retaining lien over the UIM proceeds.

Accordingly, we

ORDER the petition DENIED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:     Hon. Elissa F. Cadish, District Judge
        Jerry T. Donohue
        Sean Claggett & Associates, Inc.
        Eighth District Court Clerk