# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE TRUST OF
JMWM SPENDTHRIFT TRUST, DATED
APRIL 6, 2004.

WILLIAM MATTHEW MAY, JR.,
Appellant,
vs.
DENTON LOPEZ & CHO,
Respondent.

No. 68454

**FILED**

SEP 2 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order adjudicating an attorney lien and entering judgment on the lien. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant William May, Jr. (May) hired respondent law firm, Denton, Lopez & Cho (Firm) to represent him in a probate matter. May's mother died and left a spendthrift trust. There was a dispute between May and his sister, Apriel May Pomo (Pomo), who was the primary co-trustee of the spendthrift trust, over how the assets from the trust were to be distributed. May executed a contingency fee agreement with the Firm. A little over two years later, May settled with Pomo on his own and discharged the Firm. The Firm promptly filed a "Petition To Adjudicate Attorney's Lien," in which it sought $58,435.69 in fees. May did not file an opposition to the Firm's petition, though Pomo did. In her opposition, Pomo argued that the fees were excessive and should be reduced.

On March 11, 2015, the district court held a hearing on the fee petition. May appeared without counsel and orally joined in Pomo's objections to the reasonableness of the fee award sought. The district court adjudicated the lien in the amount requested, holding that the billing rate was reasonable and met the factors set forth in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). However, the district court determined that an attorney's charging lien could not attach to the corpus of a spendthrift trust, which May allegedly received from the settlement, given the nature of a spendthrift trust.[1] Without objection from May, the district court ordered the lien to be reduced to a personal judgment against May. Thereafter, May filed a motion for reconsideration, which the district court denied.

May first argues that the district court erred in interpreting the contingency fee agreement, as the terms of the contract provided that if the Firm was terminated after a settlement was offered, but not accepted, the Firm would be paid based on the percentage of monies generated in May's favor, not the Firm's hourly rate. May did not make this argument to the district court until he filed his reply in support of his motion for reconsideration. "[I]f the district court elect[s] to entertain the motion on its merits, then we may consider the arguments asserted in the reconsideration motion . . . ." *Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007). In its written order, the district court explained that it refused reconsideration because May "presented no new evidence to this court to serve as a basis for reconsideration under EDCR 2.24." Because the district court denied May's motion for reconsideration on procedural

_____

[1]Neither party challenges this aspect of the district court's decision.

grounds, not on the merits, the exception in *Arnold* does not apply. *See also Khoury v. Seastrand*, 132 Nev., Adv. Op. 52 n.2, ___ P.3d ___, ___ n.2 (2016) (issues not raised until reply are waived). Citing the hearing minutes, May suggests the district court orally reached the merits of his reconsideration, despite that its written order shows it was denied on procedural grounds. The written order controls, *see Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987), especially where, as here, the record does not include the hearing transcript. *See Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981). We therefore reject May's argument that the district court misconstrued the fee agreement.[2]

May next argues that the district court exceeded its jurisdiction in resolving the underlying fee dispute in the action in which the Firm's services were rendered. Again, May did not timely make this argument to the district court. We nonetheless consider his challenge, because it is couched in jurisdictional terms. *See Old Aztec Mine, Inc.*, 97 Nev. at 52, 623 P.2d at 983.

May bases his jurisdictional challenge on *Argentena Consolidated Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 531, 216 P.3d 779, 782 (2009). In *Argentena*, this court

---

[2]May further argues that the contingency fee agreement prohibits the Firm from obtaining an award of attorney fees against him personally, that the charging lien was not perfected because it misstated the lien amount, and that the district court violated his right to due process of law. May did not make these arguments to the district court; thus they are not properly before us. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

instructed that a "district court has jurisdiction to adjudicate a fee dispute in the underlying action upon the existence of an enforceable charging lien." *Id.* at 538, 216 P.3d at 786. Because the attorney in that case neither sought nor obtained affirmative relief for the client, the attorney "did not have an enforceable charging lien over which the district court had incidental jurisdiction to adjudicate in the underlying case." *Id.* at 534, 216 P.3d at 783-84. May argues that the Firm did not have an enforceable charging lien because there was nothing in the record to support that May received anything of benefit in the underlying case. Moreover, he maintains that *Argentena* held that "the only circumstance whereby a fee dispute can be resolved in the underlying civil action is via a charging (attorney) lien, not by personal judgment against the client."

May's reliance on *Argentena* is misplaced, for several reasons. First, unlike the client in *Argentena*, May's posture was not purely defensive; rather, he sought affirmative relief. Thus, there was a claim to which a charging lien theoretically could attach. *See id.* at 534, 216 P.3d at 784.

Second, and more fundamentally, May submitted the fee dispute to the district court for adjudication without objecting to its jurisdiction, thereby consenting to its adjudication of the fee dispute. In *Argentena*, the client opposed the district court's jurisdiction over his fee dispute with his lawyer from the start. *See id.* at 530, 216 P.3d at 781. In this case, by contrast, May not only did not file an opposition to the Firm's petition for attorney fees, he appeared at the hearing without objecting to jurisdiction, arguing only, as Pomo did, for the fees to be reduced. He also voiced no objection at the hearing, when the district court ordered the charging lien to be reduced to a personal judgment against May. Under

the circumstances, May consented to the district court's exercise of ancillary jurisdiction over the fee dispute. *See* Restatement (Third) of the Law Governing Lawyers § 42 (Am. Law Inst. 2000) ("[A] fee dispute between a lawyer and a client may be adjudicated in any appropriate proceeding, including . . . in the court's discretion a proceeding ancillary to a pending suit in which the lawyer performed the services in question."). A party cannot participate without objection in a fee dispute over which the district court has exercised ancillary jurisdiction and then withdraw his consent in a motion for reconsideration after having gambled on a favorable outcome and lost.

Accordingly we,

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:  Hon. Gloria Sturman, District Judge
     Persi J. Mishel, Settlement Judge
     Law Offices of Karl Andersen
     Denton Lopez & Cho
     Eighth District Court Clerk