# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIN DECESARE, AN INDIVIDUAL,
Appellant,
vs.
HUTCHISON & STEFFEN, LLC,
Respondent.

No. 72042

FILED

NOV 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order adjudicating an attorney's lien. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Appellant Erin DeCesare hired respondent law firm Hutchison & Steffen, LLC, to represent her in a breach of contract action against the defendant below. The defendant raised counterclaims against DeCesare, including, as is pertinent to this appeal, a claim for rescission of an agreement that gave DeCesare a fifty-percent interest in a limited liability company, San Clemente, LLC, owned by the defendant. Approximately two years before the case concluded, Hutchison & Steffen withdrew from its representation of DeCesare. In the final judgment, the district court found against the parties on all of their claims, and thus DeCesare retained her interest in San Clemente.

After the district court entered its judgment, Hutchison & Steffen sought adjudication of its previously perfected attorney's lien, arguing that it should attach to DeCesare's interest in San Clemente. The district court granted Hutchison & Steffen's motion over DeCesare's opposition and this appeal followed. On appeal, DeCesare argues that because she owned the fifty-percent interest in San Clemente before the

17-39440

litigation commenced, it was not affirmative relief to which Hutchison & Steffen's attorney lien could attach. For the following reasons, we agree.

Pursuant to NRS 18.015(1)(a), an attorney "shall have" a lien on any claim "placed in the attorney's hands by a client." This lien "attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action." NRS 18.015(4)(a). We have held that for such a lien, often referred to as a charging lien, to be enforceable, the party against whom the lien is being asserted must obtain affirmative recovery. *See Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 534, 216 P.3d 779, 783-84 (2009) ("In the absence of affirmative relief that Jolley Urga obtained for Argentena, we conclude Jolley Urga did not have an enforceable charging lien over which the district court had incidental jurisdiction to adjudicate in the underlying case."), *abrogated on other grounds by Fredianelli v. Fine Carman Price*, 133 Nev., Adv. Op. 74, 402 P.3d 1254, 1256 (2017) (recognizing that there must be affirmative recovery to which a charging lien can attach)[1]; *see also Figliuzzi v. Eighth Judicial Dist. Court*, 111 Nev. 338, 342, 890 P.2d 798, 801 (1995) (concluding that the law firm did not

---

[1]The district court's decision and the parties' appellate arguments were made without the benefit of this court's decision in *Fredianelli*, 133 Nev., Adv. Op. 74, 402 P.3d at 1257, which addresses an attorney's ability to have a retaining lien, rather than a charging lien, adjudicated as part of the litigation in which the attorney fees accrued. The parties have also not sought to supplement their appellate briefing to address any implications the *Fredianelli* decision could have on the outcome of this case. We therefore decline to address in the first instance whether Hutchison & Steffen's lien would have any independent value as a retaining lien based on *Fredianelli*.

have a charging lien because it had not obtained a settlement or judgment for its client).

This affirmative recovery has been described as "the tangible fruits" of the attorney's efforts, meaning "money, property, or other actual proceeds gained by means of the claims asserted for the client in the litigation." *Leventhal v. Black & LoBello*, 129 Nev. 472, 477, 305 P.3d 907, 910 (2013) *abrogated on other grounds by Fredianelli*, 133 Nev., Adv. Op. 74, 402 P.3d at 1255-56 & n.2. Affirmative recovery therefore requires more than just a judgment in the client's favor—there must be proceeds to which the lien can attach. *See* 7 Am. Jur. 2d *Attorneys at Law* § 327 (2017); 7A C.J.S. *Attorney & Client* § 531 (2017) (distinguishing affirmative recovery from "services rendered for a negative purpose, such as to defeat or defend a cause of action, or claim, set up by a client's adversary"); *see also Leventhal*, 129 Nev. at 477, 305 P.3d at 910 (recognizing that "[a] charging lien cannot attach to the benefit gained for the client by securing a dismissal").

In this case, DeCesare received no affirmative judgment or recovery on her claims to which the charging lien could attach. Similarly, the district court's denial of the defendant's rescission claim merely resulted in DeCesare *retaining* her interest in San Clemente rather than her *recovering* any proceeds. Without any affirmative recovery, the district court lacked incidental jurisdiction to adjudicate Hutchison & Steffen's lien, *see Argentena*, 125 Nev. at 534, 216 P.3d at 783-84, and we therefore

necessarily reverse the district court's order adjudicating the attorney's lien.[2]

It is so ORDERED.[3]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Kenneth C. Cory, District Judge
       Fernald Law Group LLP
       Holley, Driggs, Walch, Fine, Wray, Puzey & Thompson/Las Vegas
       Eighth District Court Clerk

---

[2]We need not remand this matter because the district court had no charging lien to adjudicate. This order should not be construed, however, as foreclosing Hutchison & Steffen's ability to seek attorney fees from DeCesare in a separate action and/or independent of its claimed charging lien.

[3]Because we conclude that the district court improperly adjudicated the attorney's lien, we need not address DeCesare's remaining appellate arguments regarding attorney fees.