# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE W.N. CONNELL AND MARJORIE T. CONNELL LIVING TRUST, DATED MAY 18, 1972.

No. 72897

ELEANOR CONNELL HARTMAN AHERN,
Appellant,
vs.
BROWNSTEIN HYATT FARBER SCHRECK, LLP,
Respondent.



FILED

JUL 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order adjudicating and enforcing an attorney's lien for fees and costs.[1] Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant Eleanor Connell Hartman Ahern retained respondent Brownstein Hyatt Farber Schreck, LLP (BHFS) to represent her in a protracted dispute over trust proceeds after terminating her representation by prior counsel. BHFS defended Ahern against a motion to hold her in contempt, a motion to forfeit her interest in the disputed trust, a motion to impose punitive damages, and various discovery motions. After a fundamental disagreement developed between BHFS and Ahern, the

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

18-28845

district court granted BHFS's motion to withdraw. BHFS subsequently moved to adjudicate its properly perfected attorney's lien, seeking attachment to Ahern's interest in the trust proceeds. The district court granted BHFS's motion as to attorney fees, reserving an award of costs subject to BHFS's providing additional documentation. Ahern appeals.

NRS 18.015(1)(a) provides that an attorney shall have a lien on any claim that "has been placed in the attorney's hands by a client for suit or collection." BHFS here asserts a charging lien, which attaches to "any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action." NRS 18.015(4)(a). We have held "that charging liens only apply when a client is entitled to affirmative monetary recovery." *McDonald Carano Wilson v. Bourassa Law Grp.*, 131 Nev. 904, 907, 362 P.3d 89, 90 (2015). The affirmative-recovery requirement entails that a charging lien cannot attach unless the attorney has obtained actual, tangible proceeds—the benefits obtained from a dismissal cannot support a charging lien. *Leventhal v. Black & LoBello*, 129 Nev. 472, 477, 305 P.3d 907, 910 (2013) (recognizing that there must be affirmative recovery to which a charging lien can attach).

In this case, Ahern received no affirmative recovery to which BHFS's charging lien could attach. Ahern's attempt to obtain the entirety of the trust proceeds failed and thus did not provide an affirmative recovery. While BHFS provided meaningful assistance in defending Ahern from a contempt charge and efforts to seize her interest in the trust proceeds and to levy greater punitive damages, these defensive services did not confer an affirmative recovery. *See In re W.N. Connell and Marjorie T. Connell Living Trust*, 133 Nev., Adv. Op. 19, 393 P.3d 1090, 1091-92 (2017) (setting forth

procedural history and observing that the other trust beneficiaries instigated the underlying action against Ahern's share in the trust); 7A C.J.S. Attorney & Client § 531 (2017) (distinguishing affirmative recovery from "services rendered for a negative purpose, such as to defeat or defend a cause of action, or claim, set up by a client's adversary"); *see also In re Rosenman & Colin*, 850 F.2d 57, 61 (2d Cir. 1988) ("An attorney who merely defends or protects his client's interest in property without obtaining an affirmative recovery is not entitled to a lien on the property that his client retains."); *Ins. Corp. of Hannover, Inc. v. Latino Americana de Reaseguros, S.A.*, 868 F. Supp. 520, 527 (S.D.N.Y. 1994) (holding that an attorney representing a trust has no charging lien where the attorney merely defends the client's interests and the trust property without obtaining an affirmative recovery). The district court accordingly erred in concluding that BHFS obtained an affirmative recovery for Ahern with its defensive efforts. *See Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 534, 216 P.3d 779, 784 (2009).[2]

Lastly, we note that the record belies Ahern's contention that BHFS sought payment for attorney fees incurred after its withdrawal. Ahern's contentions that the successor trustee committed misconduct and that the allocation of trust proceeds should be relitigated are irrelevant to the propriety of the district court's order regarding the attorney fees she owes. And Ahern should follow the procedures set forth in NRS 7.055(2) to

---

[2]As BHFS's representation regarding the no-contest-clause litigation similarly did not yield an affirmative recovery, we need not separately address BHFS's request as to that portion of its fees.

SUPREME COURT
OF
NEVADA

(O) 1947A

obtain her client file from her former counsel. Insofar as Ahern requests this court's intervention in producing these documents in the first instance, the request is denied.

Having concluded that relief is warranted, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Gloria Sturman, District Judge
Eleanor Connell Hartman Ahern
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Eighth District Court Clerk