ROY EARL AND EDWIN J. DOTSON, APPELLANTS, v. LAS VEGAS AUTO PARTS, INC. AND HARRY E. CLAIBORNE, RESPONDENTS.

No. 3929

March 7, 1957                                     307 P.2d 781

*George E. Marshall, Edwin J. Dotson and Roy Earl,* of Las Vegas, for Appellants.

*Morse, Graves and Compton* and *C. Norman Cornwall,* of Las Vegas, for Respondent Las Vegas Auto Parts, Inc.

*Harry E. Claiborne,* of Las Vegas, for Respondent Harry E. Claiborne.

# OPINION

By the Court, MERRILL, J.:

This is an action upon an attorney's lien. The question involved upon the appeal is whether, when substitution of attorneys is made in a pending action, the court in that action has authority to fix the fees of the original attorneys of record, where such attorneys have not formally intervened or been made parties to the action for that purpose.

Appellants are attorneys at law practicing in Las Vegas, Nevada. On April 9, 1953 they entered into a written contract with one Hapner for the performance of legal services in connection with a cause of action against respondent Las Vegas Auto Parts for personal injuries suffered by Hapner. Under that contract appellants were to receive a fee for their services equal to one half of all sums recovered after commencement of suit, by virtue of settlement or judgment. Thereafter suit was brought by Hapner against Las Vegas Auto Parts, appellants acting as his attorneys.

Prior to trial a motion for substitution of attorneys was made by Hapner. He asked that respondent Claiborne be substituted as his attorney in place of appellants; that all files and records pertaining to the case in the possession of appellants and not personal to them be turned over to Claiborne and that the court fix the amount of fees due by Hapner to appellants. The motion was heard by the trial court on April 1, 1954, appellants being present in court. The court ordered the substitution of attorneys and the delivery to Claiborne of all records and files in appellants' possession pertaining to the case and which were not personal to appellants. The order also provided, "Further ordered that the matter determining the amount of compensation will be deferred until the outcome of the litigation. The court retains jurisdiction over this motion solely for the purpose of

determining compensation of Edwin J. Dotson and Roy Earl upon termination of this action either through settlement or through litigation."

On August 17, 1954 appellants filed in the action a notice of attorney's lien as follows: "Notice is hereby given that the undersigned attorneys claim a lien for their services upon the cause of action in the above entitled cause and any judgment rendered therein and any settlement made by and between the parties."

On September 3, 1954 a settlement of the dispute between Hapner and Las Vegas Auto Parts was reached and a consent judgment against the company was entered in the sum of $25,000.

On September 25, 1954 the matter of the determination of appellants' compensation, theretofore deferred by the trial court, was called up for disposition, appellants again being present in court. The court ordered that the compensation of appellants be fixed at $2,500.

On October 6, 1954 respondent Claiborne on behalf of Hapner filed an acknowledgment of satisfaction of judgment. The record discloses that payment of judgment by Las Vegas Auto Parts was accomplished by issuing two checks, one to appellants for $2,500, one to Hapner and Claiborne for $22,500. The check tendered to appellants was rejected by them.

No appeal was taken by appellants from order of the trial court fixing their compensation, nor was review sought by certiorari. Instead the present action against Las Vegas Auto Parts, Inc. and Claiborne was brought by appellants January 20, 1955, seeking judgment in the sum of $12,500 upon their attorney's lien. They contend that the trial court in the earlier action was without authority to fix their compensation; that having had notice of their claim of attorney's lien neither Claiborne nor Las Vegas Auto Parts could properly disburse the adjudicated $25,000 in disregard of the lien as claimed. The situation with respect to Hapner does not clearly appear. He was named as a party to the present action, but apparently was never served with summons.

The court below, upon motion of respondents, granted summary judgment in their favor upon the ground of

res judicata. From that judgment the present appeal has been taken.

An attorney's charging lien is provided by statute in this state. Section 18.010 NRS in part provides: "The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment."

No procedure is provided for the judicial establishment and enforcement of such lien, however. We are not here concerned with the question whether recovery upon the lien may properly be had in a collateral suit. See: Morse v. District Court, 65 Nev. 275, 195 P.2d 199, 3 A.L.R.2d 136. In the light of the trial court's ruling of res judicata the sole questions before us are whether the principal action was a proper vehicle for establishment and enforcement of lien and, if so, whether the attorney must formally be made a party of record.

The first question is well settled. "There is no doubt, however, of the power of the court, in the action in which the services are rendered, by means of its control over its processes and the parties, to enforce or determine the validity of the attorney's claimed lien, by some appropriate proceeding, and to protect the attorney against any attempt improperly to defeat the lien, * * *." 1 Bancroft's Code Practice, 92, sec. 73, "The Attorney". See: Ann. 93 A.L.R. 697. It is well recognized that as a condition to granting substitution of attorneys the court may protect the original attorney by appropriate orders relative to his compensation. See 7 C.J.S. 954, et seq., sec. 122, "Attorney and Client." Appellants themselves appear to have recognized this proposition by the filing of their notice of lien in the principal action.

We conclude that the court in the principal action had jurisdiction over the subject matter of the charging lien for services performed in connection with such action.

Upon the second question—as to the necessity for making the attorney a party to the principal action—we conclude that the court's control over its processes, parties and officers gives it jurisdiction not only over the subject matter of the dispute but over the parties to it as well. Through the attorney's appearance as counsel of record for his client the court of necessity acquires incidental jurisdiction to resolve disputes between attorney and client relating to the litigation before the court, the resolving of which is necessary to the continuation of the cause and to its final disposition. Clearly this is so as to substitution of attorneys. (See: The Flush, C.C.A. 2, 277 F. 25, holding such an order appealable by the dismissed attorney.) The interests of the attorney are directly affected by a court order terminating his relationship with his client. Yet it is not suggested here that this could only be accomplished by formally summoning him before the court as a party defendant and acquiring personal jurisdiction over him by such means. As counsel of record he is already before the court as its officer and is personally subject to its control in that capacity. Accord: Doggett v. Deauville Corp., C.C.A. 5, 148 F.2d 881.

Since the court in the earlier action had jurisdiction over the subject matter and the parties to the dispute, it had power to act in the establishment and enforcement of appellants' charging lien. This being so, the action taken by that court is res judicata and may neither be attacked nor disregarded in these proceedings. The court below was not in error in granting summary judgment in this matter.

Affirmed.

BADT, C. J., and EATHER, J., concur.