T. C. GORDON, DOING BUSINESS UNDER THE FIRM
 NAME AND STYLE OF "COMSTOCK CONSTRUC-
 TION COMPANY," APPELLANT, *v.* ROYAL A.
 STEWART AND RICHARD W. HORTON,
 RESPONDENTS.

No. 4052

April 9, 1958. 324 P.2d 234.

*Goldwater, Taber & Hill,* of Reno, for Appellant.

Respondents *Royal A. Stewart* and *Richard W. Horton,* in propria persona.

**O P I N I O N**

By the Court, MERRILL, J.:

This is an appeal from judgment for attorney fees in the sum of $2,500. Appellant contends that the court below was without authority to enter personal judgment for attorney fees and that its authority was limited to the establishment of an attorneys' lien.

Appellant was defendant in the action below which was instituted July 3, 1953, by William C. Talbot and Clarendall Z. Talbot. In that action he was represented by respondents as his attorneys. On his behalf they filed counterclaims against the Talbots under which the sum in controversy amounted to $10,025.32. An agreement was reached between appellant and respondents under which the latter were to receive a contingent fee of 35 percent of all sums recovered by counterclaim.

On June 27, 1955, pursuant to court order, respondents withdrew as counsel for appellant. The court undertook to fix the compensation to which respondents, as withdrawing counsel, were entitled for services rendered in connection with the action. It determined that appellant was guilty of breach of the contract of employment and that respondents were therefore entitled to repudiate that contract and to have compensation fixed in quantum meruit for the reasonable value of services actually performed. A fee in the sum of $2,500 was awarded. The court then rendered judgment in favor of

respondents and against appellant in this amount. From that judgment this appeal is taken.

Appellant concedes that the court below was justified in concluding that he was guilty of breach of the contract of employment and that respondents were therefore entitled to recover in quantum meruit. He contends, however, that respondents' sole recourse under the court award is upon their attorneys' lien provided by NRS 18.010 and that the court was without authority to enter a personal judgment against him which respondents could enforce without regard to their lien.

Appellant mistakes the nature of an attorney's lien, however. The attorney's right is not based upon (or limited to) his lien. It is based upon contract express or implied. The lien, as is true of other forms of lien, is but security for his right. To hold that an attorney's right to compensation is limited to his lien rights is in effect to deprive him of any right to contract for other than a contingent fee, since no fee contract could ever be enforced save in event of a successful recovery to which a lien might attach.

In support of his contention appellant relies upon a series of opinions from the supreme courts of New York, among the most recent of which, as cited to us, are Oesterreicher v. Oesterreicher, Sup., 64 N.Y.S.2d 849 and In Re Waxstein and Gelbman, Sup., 130 N.Y.S.2d 285, 286. These cases both hold, following earlier decisions, that a personal judgment for attorney fees was erroneous and beyond the authority of the court awarding judgment. It is clear, however, that the limitation of authority was due not to a lack of right in the attorney but to the fact that the court was engaged in special proceedings in which a personal judgment was not contemplated. The Oesterreicher case clearly implies that the attorney had redress in other proceedings to which execution might attach. The Waxstein case expressly states that "the value of the services was determined by the court" and that the award fixed the extent of the litigant's obligation to counsel. New York has also held that

on termination of a contract of retainer a cause of action immediately accrued to the displaced attorney and that he need not await the outcome of the litigation in which he was displaced. Tillman v. Komar, 259 N.Y. 133, 181 N.E. 75.

In New York, therefore, if the attorney is to enforce his right other than through an attorney's lien, it would appear that he must undertake separate proceedings and cannot obtain personal judgment against his client in the action to which his services relate.

In the case at bar the question presented by this contention of appellant is whether our law, procedurally, is the same as that of New York, in which event respondents would be required to go through the formality of bringing an independent action upon the award made by the court below.

The statute providing for an attorney's lien does not expressly so provide. The question is whether it should be so construed. We have already held that the court in the action in which the attorney's services were rendered has incidental jurisdiction to resolve disputes between a litigant and his attorney relative to the establishment of an attorney's lien. Earl v. Las Vegas Auto Parts, Inc., 73 Nev. 58, 307 P.2d 781. In that case we further held that the court's determination of the extent of the attorney's rights was res judicata and was not subject to collateral attack in an independent action brought to enforce the attorney's lien. This being so we can see no advantage in requiring an attorney to bring an independent action in order that personal judgment might be had. Jurisdiction to establish an attorney's lien includes jurisdiction to make an authoritative award which is res judicata upon the question of the extent of the attorney's right and his former client's obligation. Jurisdiction to bind the litigant to such an award should in all reason include the jurisdiction to bind him by judgment.

We conclude that the court below had authority to enter personal judgment against appellant.

Appellant next contends that the award was excessive. The court gave consideration to respondents' showing as to time spent by them in appellant's behalf. Appellant does not question the showing so made. He contends that the fee awarded would constitute 70 percent of the contingent fee to which respondents would have been entitled had they successfully fulfilled their contract; that this is wholly disproportionate.

The amount of the agreed fee is certainly a proper consideration upon a determination, in quantum meruit, of reasonable value; but, just as clearly, it cannot be held to be the controlling or dominant consideration. Quantum meruit contemplates that the true reasonable value is to be substituted for the agreed terms. Discrepancies between value and agreed terms are bound to occur in every case. We conclude that there is no merit in this contention.

Affirmed.

BADT, C. J., and EATHER, J., concur.