An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT W. HOFF; AND CONNIE K. HOFF, INDIVIDUALLY AND AS HUSBAND AND WIFE,
Appellants,
vs.
NIK V. WALTERS, ESQ.; AND NANCY GILBERT,
Respondents.

No. 57759

FILED

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF REVERSAL

This is an appeal from a judgment, certified as final under NRCP 54(b), adjudicating a charging lien. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Appellants retained respondents to represent them in a real property action. The parties signed a retainer agreement, providing for a $15,000 retainer fee and a contingency fee of one-third of any amounts recovered in excess of $2.565 million. Midway through the litigation, appellants proposed adding a third attorney. Respondents disagreed, and appellants retained the other attorney to represent them in the remainder of the litigation, in which appellants ultimately recovered $50,000. Respondents served notice of a charging lien under NRS 18.015 and moved to adjudicate their lien, and the district court awarded respondents $127,890 as the reasonable value of their services, ordered the $50,000 that appellants recovered in the action paid to respondents, and entered a judgment in favor of respondents for $127,890. This appeal followed.

On appeal, appellants argue that respondents are not entitled to a charging lien because they voluntarily withdrew from representing appellants, or alternatively, if respondents are entitled to a charging lien,

the amount is limited by the retainer agreement. Respondents argue that they were discharged and may assert a charging lien, and that discharged attorneys with contingency fee agreements may recover the reasonable value of their services in quantum meruit. We review the construction of NRS 18.015 de novo. *Leventhal v. Black & LoBello*, 129 Nev. ___, ___, 305 P.3d 907, 910 (2013).

Regarding an attorney's withdrawal or discharge, NRS 18.015 is silent, requiring only that there must be a "claim, demand or cause of action, . . . which has been placed in the attorney's hands by a client for suit or collection," or upon which a suit or other action has been instituted, before the attorney may assert a charging lien. NRS 18.015(1) (2012).[1] We have previously determined that a charging lien asserted by a withdrawing or discharged attorney is enforceable. *See Earl v. Las Vegas Auto Parts, Inc.*, 73 Nev. 58, 62, 307 P.2d 781, 783 (1957). Accordingly, in this case, respondents' right to assert a charging lien is not foreclosed by the fact that they either withdrew or were discharged by appellants.

Although respondents' withdrawal or discharge does not prevent them from asserting a charging lien, the amount of the charging lien is limited to "the amount of any fee which has been agreed upon by the attorney and client," or, in the absence of an agreement, to "a reasonable fee for the services." NRS 18.015(1). Thus, the fee agreement controls the lien amount, subject to the district court's determination of the reasonableness of the charges under *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). NRS 18.015(1); *Argentena*

---

[1]The 2013 Legislature amended NRS 18.015. 2013 Nev. Stat., ch. 79, § 1; S.B. 140, 77th Leg. (Nev. 2013). This appeal is governed by the pre-amendment version of NRS 18.015. *See* NRS 18.015 (2012).

*Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 540 n.2, 216 P.3d 779, 788 n.2 (2009).

In this case, the retainer agreement provided for a $15,000 retainer fee and a contingency fee of one-third of any amount recovered in excess of $2.565 million if the case proceeded past the NRCP 16.1 conference. The retainer agreement did not specify what would occur if respondents were discharged or withdrew before the case concluded. Appellants had recovered only $50,000 when the charging lien was adjudicated, and did not recover any other amounts during the remainder of the litigation. In cases involving contingency fee agreements, attorneys are permitted to assert a charging lien upon the occurrence of the contingency and recover a reasonable amount in quantum meruit for services rendered before their withdrawal or discharge. Here, however, because the contingency did not occur, we conclude that respondents are not entitled to recover the reasonable value of their services in quantum meruit. NRS 18.015(1); *see generally Fracasse v. Brent*, 494 P.2d 9 (Cal. 1972). Thus, the district court improperly adjudicated respondents' charging lien. Accordingly, we

ORDER the judgment of the district court REVERSED.[2]

_____, J.
Hardesty

_____J.
Parraguirre

_____, J.
Cherry

---

[2]We have considered the parties' other arguments and conclude that they are either without merit or moot in light of this order.



cc: Second Judicial District Court Dept. 10
Margaret M. Crowley, Settlement Judge
Laxalt & Nomura, Ltd./Reno
Carl M. Hebert
Washoe District Court Clerk