133 Nev., Advance Opinion 74

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KRISTI RAE FREDIANELLI,<br>Appellant,<br>vs.<br>FINE CARMAN PRICE,<br>Respondent. | No. 69992 |

**FILED**

OCT 05 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order adjudicating an attorney's lien and entering judgment for attorney fees. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

*Affirmed.*

Patricia A. Marr, Henderson,
for Appellant.

Fine Carman Price and Corinne M. Price and Frances-Ann Fine, Henderson,
for Respondent.[1]

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, CHERRY, C.J.:

NRS 18.015 provides for the enforcement of liens for attorney fees. In this appeal, we clarify that NRS 18.015, as amended in 2013,

---

[1]Because appellant challenges only the adjudication of Fine Carman Price's attorney's lien, the correct respondent to this appeal is appellant's former counsel, Fine Carman Price, and not the defendant below, Sebastian Martinez. Accordingly, the clerk of this court shall amend the caption on this court's docket so that it is consistent with the caption on this opinion.

17-33801

provides for the enforcement of a retaining lien for attorney fees. Because respondent met the statutory requirements for the enforcement of a retaining lien, we affirm the district court's order adjudicating an attorney's lien and entering judgment for attorney fees.

## FACTS AND PROCEDURAL HISTORY

Fine Carman Price (Fine) represented Kristi Rae Fredianelli in a paternity action. After the district court issued its final order in the paternity action, Fine filed a notice of withdrawal as attorney of record. Fine subsequently filed and served a notice of a retaining lien against Fredianelli for $13,701.82, of unpaid legal fees.

Fine moved the district court to adjudicate the rights of counsel, for enforcement of attorney's lien, and for a judgment for attorney fees. Fredianelli opposed the motion. Fredianelli did not dispute the amount of the attorney fees but argued that Fine was asserting a charging lien, not a retaining lien. Relying solely on *Leventhal v. Black & LoBello*, 129 Nev. 472, 305 P.3d 907 (2013), Fredianelli claimed that the purported charging lien failed as a matter of law. The district court granted Fine's motion and awarded Fine $13,701.82, plus interest and post-judgment costs.

## DISCUSSION

*The district court did not err by enforcing Fine's retaining lien against Fredianelli under NRS 18.015*

On appeal, Fredianelli concedes that the lien at issue is a retaining lien, not a charging lien. She nevertheless argues that the district court erred by enforcing Fine's lien because, under NRS 18.015 and our caselaw interpreting it: (1) a retaining lien is a passive lien that cannot be enforced by an attorney, (2) there was no affirmative recovery in

 


the paternity action to which a lien could attach, and (3) a retaining lien cannot be reduced to a monetary judgment. We disagree.

NRS 18.015 governs attorney liens, and the parties' arguments require us to interpret the Legislature's 2013 amendments to NRS 18.015.[2] "This court reviews a district court's interpretation of a statute . . . de novo." *Marquis & Aurbach v. Eighth Judicial Dist. Court*, 122 Nev. 1147, 1156, 146 P.3d 1130, 1136 (2006). "When interpreting a statutory provision, this court looks first to the plain language of the statute." *Clay v. Eighth Judicial Dist. Court*, 129 Nev. 445, 451, 305 P.3d 898, 902 (2013). If the statute is unambiguous, this court does not "look beyond the statute itself when determining its meaning." *Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 427 (2007).

Prior to 2013, NRS 18.015 only provided rules regarding enforcement of "charging lien[s]," or liens "against the client's claim or recovery." *See Leventhal*, 129 Nev. at 475, 305 P.3d at 909. Retaining liens were solely "established at common law" and "allow[ed] a discharged attorney to withhold the client's file and other property until the court . . . adjudicate[d] the client's rights and obligations with respect to the lien." *Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 532, 216 P.3d 779, 782 (2009). Retaining liens were considered a "passive lien," meaning that they could not "be actively

---

[2]2013 Nev. Stat., ch. 79, § 1, at 270-71; S.B. 140, 77th Leg. (Nev. 2013). In *Leventhal*, we expressly stated that the opinion was "governed by the pre-amendment version of NRS 18.015." 129 Nev. at 475 n.2, 305 P.3d at 912 n.2. Thus, we reject Fredianelli's argument that *Leventhal* governs the 2013 amendments made to NRS 18.015 by virtue of its timing.

 

enforced by the attorney in judicial proceedings." *Id.* at 533, 216 P.3d at 783.

Since 2013, however, amendments made to NRS 18.015 provide a method for attorneys to actively enforce retaining liens "[i]n any civil action, upon any file or other property properly left in the possession of the attorney by a client." NRS 18.015(1)(b). The amount of attorney fees subject to the retaining lien must be the fee "agreed upon," or "[i]n the absence of an agreement . . . a reasonable fee for the services . . . rendered." NRS 18.015(2). The lien must be "perfect[ed]," which means that the attorney "serv[ed] notice in writing, in person or by certified mail, return receipt requested, upon his or her client[,] . . . [and] claim[ed] the lien and stat[ed] the amount of the lien." NRS 18.015(3). NRS 18.015(4)(b) provides for the timing with which the lien "attaches" to the property: a retaining lien "attaches to any file or other property properly left in the possession of the attorney by his or her client, . . . from the time of service of the notices required by this section."

If the above requirements are met, NRS 18.015 then requires the attorney to file a motion for adjudication and enforcement of the lien:

> On motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.

NRS 18.015(6).

Here, each of Fredianelli's arguments lack merit based on the plain language of NRS 18.015. First, the Legislature's 2013 amendments to NRS 18.015 created an entirely new statutory method for enforcing a retaining lien. Thus, while *Argentena* and our other cases remain good

 

law concerning common-law retaining liens, their description of a retaining lien as "passive" does not apply to the method in NRS 18.015, which permits an attorney to actively enforce a retaining lien. Accordingly, we reject Fredianelli's argument that an attorney cannot actively enforce a retaining lien under NRS 18.015.

Second, while we have extensively considered the previous version of NRS 18.015 and held that an attorney cannot perfect a charging lien in a custody action because there is nothing to which a lien can attach, *Leventhal*, 129 Nev. at 477-78, 303 P.3d at 910, NRS 18.015(4)(b) does not require an affirmative recovery for a retaining lien to attach. Instead, it merely states that retaining liens "attach[ ] to any file or other property properly left in the possession of the attorney by his or her client." NRS 18.015(4)(b). Therefore, we reject Fredianelli's argument that an affirmative recovery is necessary in the retaining lien context because the retaining lien attaches to the client's files and property in an attorney's possession, not to any recovery.

Third, NRS 18.015(6) provides that on an attorney's motion, the court shall "adjudicate the rights of the attorney . . . and enforce the lien." In the context of a retaining lien, which attaches to a client's file or other property left in the attorney's possession and is for specified fees or a reasonable amount, this contemplates reducing a retaining lien to a monetary judgment. *See* NRS 18.015(2), (4)(b), and (6). This is consistent with the legislative history of the amendments, which contemplated that the court hearing the underlying matter would "interpret how much in fees would be owed fairly by the client, and then enter a judgment if the court saw fit" on the attorney fees. Hearing on S.B. 140 Before the Assembly Comm. on Judiciary, 77th Leg., at pp. 13-17 (Nev., May 3, 2013)

 

(statement of Mr. Thomas Standish describing the amendments' effects on behalf of the Senate). Moreover, holding otherwise would mean the 2013 amendments merely codified the common-law retaining lien approach, when the Legislature's clear intent was to alter that approach. *Id.* Therefore, we reject Fredianelli's argument that a retaining lien cannot be reduced to a monetary judgment under NRS 18.015.

Applying the unambiguous language of NRS 18.015 to the case at hand, the district court properly adjudicated and enforced Fine's retaining lien. Fine asserted its lien against Fredianelli upon Fredianelli's papers and files left in Fine's possession under NRS 18.015(1)(b). The lien was for an undisputed, "agreed upon" amount of attorney fees. *See* NRS 18.015(2).[3] Fine perfected the lien by properly serving notice of the retaining lien and the amount of the lien. *See* NRS 18.015(3). Therefore, the lien attached to Fredianelli's papers and files. *See* NRS 18.015(4)(b). With each of NRS 18.015's elements satisfied, Fine properly moved the district court for adjudication and enforcement of the lien and, after more than five days' notice to Fredianelli, the district court adjudicated Fine's rights and enforced the lien for attorney fees. *See* NRS 18.015(6). Therefore, we conclude that, based on the facts presented and the arguments made herein, the district court did not err by enforcing Fine's retaining lien against Fredianelli because its lien was supported by the plain language of NRS 18.015.

---

[3]Fredianelli does not dispute the amount or reasonableness of the fees in this appeal, and, therefore, we do not consider those issues. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that when a party fails to present cogent argument and supporting authority, this court need not consider those claims).

## CONCLUSION

Because we conclude that the plain language of NRS 18.015 unambiguously permits an attorney to enforce a retaining lien, we conclude that the district court did not err by enforcing Fine's valid retaining lien against Fredianelli under NRS 18.015. Accordingly, we affirm the district court's order.

_____, C.J.
Cherry

We concur:

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Stiglich

 

HARDESTY, J., with whom PICKERING, J., agrees, dissenting:

Fine Carman Price (Fine) brought a motion for enforcement of an attorney's retaining lien and sought entry of a personal monetary judgment for attorney fees against its former client Fredianelli. This appeal raises, once again, the question whether an attorney may obtain a monetary judgment in a summary proceeding while attempting to enforce a retaining lien.

I would reverse the district court judgment for attorney fees on two grounds. First, the district court lacked jurisdiction to consider Fine's motion under our decision in *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 173 P.3d 715 (2007), because the notice of lien and motion were filed after the final order in the underlying case.[1] And, second, nothing in the Legislature's 2013 amendments to NRS 18.015 altered the general rule expressed in *Morse v. Eighth Judicial Dist. Court*, 65 Nev. 275, 195 P.2d 199 (1948), and *Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 216 P.3d 779 (2009), that the enforcement of a retaining lien results in an adjudication of the ownership of the client's files and property retained by the lawyer, not a personal monetary judgment for fees.

The district court entered its order resolving the underlying paternity action on October 21, 2015. On the same day, Fine filed a notice of withdrawal from representing Fredianelli, which it could not have done

---

[1]Although Fredianelli did not raise the question of the district court's jurisdiction, "whether a court lacks subject matter jurisdiction can be raised. . . . sua sponte by a court of review, and cannot be conferred by the parties." *Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011) (internal quotation marks omitted).

 

by simple notice if anything remained to be done in the case. *See* SCR 1.16; EDCR 7.40. Neither party in the underlying action filed post-order motions. Yet, 28 days after the final order was entered, Fine filed a notice of retaining lien and 50 days thereafter, on January 7, 2016, Fine brought its motion for enforcement of an attorney's retaining lien and judgment for attorney fees.

Once the district court enters a final order, it lacks jurisdiction to conduct any further proceedings. *SFPP*, 123 Nev. at 612, 173 P.3d at 718 ("[T]he district court lost jurisdiction over the judgment once the order for dismissal with prejudice was entered and lacked jurisdiction to conduct any further proceedings with respect to the matters resolved in the judgment unless it was first properly set aside or vacated.")

I would extend the rule from *SFPP* to preclude a district court from adjudicating attorney-client lien disputes attempted to be initiated by filing a notice of lien and motion to enforce the lien after a final order resolving the case has been entered. Once the district court has entered a final order, it is divested of jurisdiction to entertain previously unasserted attorney lien claims. Following a final order, the proper process by which to adjudicate the fee dispute is through the filing of a new complaint. Thus, when Fine filed its motion to enforce a retaining lien and for attorney fees after a final order, the district court lacked jurisdiction to consider the motion and improperly awarded Fine a personal monetary judgment against its former client.

Fine claims, and the majority concludes, that the 2013 amendments permit an attorney to obtain a personal monetary judgment within five days after filing a motion for fees in a summary proceeding to adjudicate a retaining lien. I disagree. NRS 18.015 addresses the



adjudication of the parties' rights with respect to the resolution of a lien in a summary proceeding. The statute does not contemplate the award of a personal monetary judgment in a summary proceeding upon five days' notice with respect to a lien not asserted until the underlying action has completely finished. That process was reserved to resolve the parties' conflicting claims to the enforcement of a lien in an ongoing case, or a case in which the claims produced a recovery to which a perfected charging lien attached.

*Argentena* describes a retaining lien as one that "allows a discharged attorney to withhold the client's file and other property until the court, at the request or consent of the client, adjudicates the client's rights and obligations with respect to the lien." *Argentena*, 125 Nev. at 532, 216 P.3d at 782. "Because a retaining lien is a passive lien, the client determines whether it wants to extinguish the lien by requesting that the court compel the former attorney to deliver the client's files." *Id.* at 533, 216 P.3d at 783. "If the court lacks jurisdiction to resolve the retaining lien, the attorney may keep possession of the former client's files and the attorney's recourse is to file a separate action to recover for the services expended on behalf of the former client." *Id.*

The common law retaining lien did not allow for a monetary judgment, it was "simply a right to retain the papers as against the client until the attorney is paid in full." *Morse*, 65 Nev. at 284, 195 P.2d at 203. "[T]he only advantage gained by the attorney through such lien is the possibility of forcing the client to settle because of the embarrassment, inconvenience or worry caused the client by the attorney's retention of the papers." *Id.* *Argentena* and *Morse*'s explanation of a retaining lien is consistent with the American Jurisprudence, which states that "[t]he main

 

disadvantage of the general or retaining lien is that it is a passive lien only, and it cannot ordinarily be actively enforced, either at law or in equity." 31 Am. Jur. 2d *Proof of Facts* 125 (2017). Neither the majority opinion nor respondent's brief seeks to modify *Argentena* and *Morse*'s description of the remedies available to an attorney for the enforcement of a retaining lien. Nor do the 2013 statutory amendments to NRS 18.015.

In 2013, the Legislature added subsections 1(b), 4(b), and 5 to NRS 18.015. 2013 Nev. Rev. Stat., ch. 79, § 1, at 271. As amended, NRS 18.015 states in relevant part as follows:

> 1. An attorney at law shall have a lien:
>
> . . . .
>
> (b) In any civil action, upon any file or other property properly left in the possession of the attorney by a client.
>
> . . . .
>
> 4. A lien pursuant to:
>
> . . . .
>
> (b) Paragraph (b) of subsection 1 attaches to any file or other property properly left in the possession of the attorney by his or her client, including, without limitation, copies of the attorney's file if the original documents received from the client have been returned to the client, and authorizes the attorney to retain any such file or property until such time as an adjudication is made pursuant to subsection 6,
>
> from the time of service of the notices required by this section.
>
> 5. A lien pursuant to paragraph (b) of subsection 1 must not be construed as inconsistent with the attorney's professional responsibilities to the client.

The new subsections 1(b) and 4(b) simply add to the statute what *Argentena* already described as a retaining lien.

Notably, however, the Legislature did not amend subsection 6 of NRS 18.015, which outlines the remedy for an attorney who enforces a lien:

> On motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.

A retaining lien simply affords a lien on the file, not on any recovery by the client, and indeed, there was no monetary recovery in the instant case. As a consequence, the extent of an enforcement motion for a retaining lien is to adjudicate ownership of a file or any personal property in possession of the attorney. This conclusion is underscored by the language added to NRS 18.015(4)(b) in 2013, which "authorizes the attorney to retain such file or property [in his or her possession] until such time as an adjudication is made pursuant to subsection 6." But nothing in that amendment or subsection 6 permits the court in a summary proceeding to enter a monetary judgment where the attorney is enforcing a retaining lien.

The majority opinion cites to the legislative history of NRS 18.015 to support its determination that a monetary judgment is proper in the adjudication of a retaining lien. *See* Majority opinion ante p. 5-6. However, the portion of the legislative history relied upon by the majority explicitly refers to a charging lien rather than a retaining lien.

> The statute in question . . . provided a *charging lien*—the procedure being that an attorney could . . . ask the court, by motion, to adjudicate

 

the lien. In other words, to interpret how much in fees would be owed fairly by the client, and then enter a judgment if the court saw fit to do this.

Hearing on S.B. 140 Before the Assembly Judiciary Comm., 77th Leg., (Nev., May 3, 2013) (statement of Thomas Standish describing the effects of the statutory amendments) (emphasis added)). However, nothing in the legislative history alters the remedy in subsection 6.

In its motion, Fine relied on *Gordon v. Stewart*, 74 Nev. 115, 324 P.2d 234 (1958), to show that an attorney's recovery is not limited to his or her lien, and that a monetary judgment is appropriate. However, we have since expressly overturned *Gordon*. *See Argentena*, 125 Nev. at 538, 216 P.3d at 786 (rejecting *Gordon* "to the extent that [it] indicate[s] that the district court has the power to resolve a fee dispute in the underlying action irrespective of whether the attorney sought adjudication of a lien").

As Fredianelli observes in her reply brief, the court can award ownership of the files to her attorney and nothing in the statutory amendment alters *Argentena's* remedy to enforce a retaining lien. "[W]hen . . . a client does not move the court to resolve the retaining lien, . . . the proper method by which the attorney should seek adjudication of the fee dispute is an action against his or her former client in a separate proceeding." *Id.* at 539-40, 216 P.3d at 787. Accordingly, Fine may keep Fredianelli's property it currently possesses pursuant to the retaining lien, but NRS 18.015 does not provide a basis for entry of a personal monetary judgment for attorney fees.

SUPREME COURT
OF
NEVADA

(O) 1947A


For these reasons, I would reverse the decision of the district court.

                                        _____, J.
                                              Hardesty

I concur:

_____, J.
     Pickering