IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| EDGEWORTH FAMILY TRUST; AND AMERICAN GRATING, LLC, Appellants/Cross-Respondents, vs. DANIEL S. SIMON; AND THE LAW OFFICE OF DANIEL S. SIMON, A PROFESSIONAL CORPORATION, Respondents/Cross-Appellants. | No. 77678 **FILED** DEC 3 0 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |
| EDGEWORTH FAMILY TRUST; AND AMERICAN GRATING, LLC, Appellants, vs. DANIEL S. SIMON; AND THE LAW OFFICE OF DANIEL S. SIMON, A PROFESSIONAL CORPORATION, Respondents. | No. 78176 |

*ORDER AFFIRMING IN PART, VACATING IN PART AND REMANDING*

These consolidated matters include two appeals and a cross-appeal that challenge district court orders dismissing a complaint under NRCP 12(b)(5), adjudicating an attorney lien, and granting in part and denying in part a motion for attorney fees and costs.[1] Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.[2]

Brian and Angela Edgeworth are business owners and managers. A fire sprinkler malfunctioned and flooded a home they were constructing, causing $500,000 in damages. Both the fire-sprinkler

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]The Honorable Abbi Silver, Justice, did not participate in the decision of this matter.

20-46934

manufacturer and plumbing company refused to pay for the damage. Daniel Simon, a Las Vegas attorney and close friend of the Edgeworths, offered to help. There was no written fee agreement, as Simon only planned to send a few letters. However, Simon eventually sued the responsible parties on the Edgeworths' behalf, billing the Edgeworths a "reduced" rate of $550 per hour through four invoices totaling $367,606, which the Edgeworths paid in full. Eventually, Simon helped secure a $6 million settlement agreement, and when the Edgeworths asked Simon to provide any unpaid invoices, Simon sent them a letter with a retainer agreement for $1.5 million beyond what they had already paid him for his services. The Edgeworths refused to pay and retained new counsel. Simon then filed an attorney lien. The Edgeworths responded by suing him for breach of contract and conversion.

Simon moved to dismiss the Edgeworths' complaint under both NRCP 12(b)(5) and Nevada's anti-SLAPP statutes and he moved for adjudication of the lien. The district court consolidated the cases. The district court first addressed Simon's attorney lien and held an extensive evidentiary hearing. After the hearing, the district court found that Simon and the Edgeworths did not have an express oral contract. Although the district court found that Simon and the Edgeworths had an implied contract for the hourly rate of $550 per hour for Simon and $275 per hour for Simon's associates, it also determined that the Edgeworths constructively discharged Simon when they retained new counsel. Therefore, the district court awarded Simon roughly $285,000 for attorney services rendered from September 19 to November 29, 2017, and $200,000 in quantum meruit for the services he rendered after November 29, the date of the constructive

discharge.[3] Relying on the evidence presented at the hearing adjudicating the attorney lien, the district court dismissed the Edgeworths' complaint and awarded Simon $55,000 in attorney fees and costs for defending the breach of contract action. It then denied Simon's anti-SLAPP motion as moot.

*The constructive discharge for purposes of adjudicating attorney lien and $200,000 quantum meruit award*

We review a "district court's findings of fact for an abuse of discretion" and "will not set aside those findings unless they are clearly erroneous or not supported by substantial evidence." *NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004) (internal quotation marks omitted). The Edgeworths argue that substantial evidence does not support the district court's constructive discharge finding because Simon never withdrew from the case, continued working on it through its conclusion, and billed them after the date of the constructive discharge. We disagree.

A constructive discharge occurs when a party's conduct "dissolves the essential mutual confidence between attorney and client," *Brown v. Johnstone*, 450 N.E.2d 693, 695 (Ohio Ct. App. 1982) (holding that a client terminated the attorney-client relationship when he initiated grievance proceedings against and stopped contacting his attorney), or the client takes action that prevents the attorney from effective representation, *McNair v. Commonwealth*, 561 S.E.2d 26, 31 (Va. Ct. App. 2002) (explaining that in the criminal context, constructive discharge can occur where "the defendant place[s] his counsel in a position that precluded effective

---

[3]On appeal, the Edgeworths challenge only the $200,000 award in quantum meruit.

representation"). Substantial evidence in the record demonstrates that the Edgeworths hired new counsel; stopped directly communicating with Simon; empowered their new counsel to resolve the litigation; and settled claims against Simon's advice at the urging of new counsel. Accordingly, we conclude that the district court acted within its sound discretion by finding that the Edgeworths constructively discharged Simon on November 29, 2017.

Although we conclude that the district court correctly found that Simon was entitled to quantum meruit for work done after the constructive discharge, *see Gordon v. Stewart*, 74 Nev. 115, 119, 324 P.2d 234, 236 (1958) (upholding an award in quantum meruit to an attorney after breach of contract), *rejected on other grounds by Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 125 Nev. 527, 537-38, 216 P.3d 779, 786 (2009), we agree with the Edgeworths that the district court abused its discretion by awarding $200,000 in quantum meruit[4] without making findings regarding the work Simon performed after the constructive discharge. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014) (reviewing district court's attorney fee decision for an abuse of discretion).

A district court abuses its discretion when it bases its decision on an erroneous view of the law or clearly disregards guiding legal principles. *See Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993), *superseded by statute on other grounds as stated in In re DISH Network Derivative Litig.*, 133 Nev. 438, 451 n.6, 401 P.3d 1081, 1093 n.6 (2017). "[T]he proper measure of damages under a *quantum meruit* theory

---

[4]The Edgeworths do not contest the validity of the attorney lien or the district court's jurisdiction to adjudicate it.

of recovery is the reasonable value of [the] services." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 110 Nev. 984, 987, 879 P.2d 69, 71 (1994) (alteration in original) (internal quotation marks omitted). A district court must consider the *Brunzell* factors when determining a reasonable amount of attorney fees. *Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015). Those factors are: (1) the quality of the advocate; (2) the character of the work, e.g., its difficulty, importance, etc.; (3) the work actually performed by the advocate; and (4) the result. *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). The Edgeworths challenge the third factor, arguing that the district court's order did not describe the work Simon performed after the constructive discharge. While the district court stated that it was applying the *Brunzell* factors for work performed only after the constructive discharge, much of its analysis focused on Simon's work throughout the entire litigation. Those findings, referencing work performed before the constructive discharge, for which Simon had already been compensated under the terms of the implied contract, cannot form the basis of a quantum meruit award. Although there is evidence in the record that Simon and his associates performed work after the constructive discharge, the district court did not explain how it used that evidence to calculate its award. Thus, it is unclear whether $200,000 is a reasonable amount to award for the work done after the constructive discharge. Accordingly, we vacate the district court's grant of $200,000 in quantum meruit and remand for the district court to make findings regarding the basis of its award.

*The NRCP 12(b)(5) motion to dismiss*

Following the evidentiary hearing regarding the attorney lien, the district court dismissed the Edgeworths' complaint. In doing so, the district court relied on the evidence presented at the evidentiary hearing to

SUPREME COURT
OF
NEVADA

(O) 1947A

5

find that there was no express contract and thus dismissed the breach of contract, declaratory relief, and breach of covenant of good faith and fair dealing claims. It further found that Simon complied with the statutory requirements for an attorney lien and therefore dismissed the conversion and breach of fiduciary duty claims, as well as the request for punitive damages.

The Edgeworths argue that the district court failed to construe the allegations in the amended complaint as true and instead considered matters outside the pleadings—facts from the evidentiary hearing. In effect, the Edgeworths argue that, under the NRCP 12(b)(5) standard, the district court was required to accept the facts in their complaint as true regardless of its contrary factual findings from the evidentiary hearing. Under the circumstances here, we are not persuaded that the district court erred by dismissing the complaint.

While the district court should have given proper notice under NRCP 12(d) that it was converting the NRCP 12(b)(5) motion to one for summary judgment, it did not err by applying its findings from the evidentiary hearing when ruling on the NRCP 12(b)(5) motion, as it had told the parties it was waiting to rule on this motion until after the lien adjudication hearing. Under the law-of-the-case doctrine, a district court generally should not reconsider questions that it has already decided. *See Reconstrust Co., N.A. v. Zhang*, 130 Nev. 1, 7-8, 317 P.3d 814, 818 (2014) ("The law-of-the-case doctrine 'refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as law of the case) by that court or a higher one in earlier phases.'") (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995)); *see also United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012) ("Under the law of the case doctrine, a court is

ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (internal quotation marks omitted). The doctrine applies where "the issue in question [was] 'decided explicitly . . . in [the] previous disposition.'" *Jingles*, 702 F.3d at 499 (second alteration in original) (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)).

Because it was necessary for the district court to determine if there was an express contract when adjudicating the attorney lien, its finding that there was no express oral contract between Simon and the Edgeworths became the law of the case in the consolidated action. *See* NRS 18.015(6) (requiring the court where an attorney lien is filed to "adjudicate the rights of the attorney, client or other parties and enforce the lien"); NRCP 42(a) (allowing consolidation where actions "involve a common question of law or fact"). As it was the law of the case, that finding bound the district court in its adjudication of the NRCP 12(b)(5) motion.[5] *See Awada v. Shuffle Master, Inc.*, 123 Nev. 613, 623, 173 P.3d 707, 714 (2007) (upholding a district court's decision where the district court held a bench trial to resolve equitable claims and then applied those findings to dismiss the remaining legal claims). Similarly, the district court's finding that Simon properly perfected the attorney lien became the law of the case and thus bound the district court during its adjudication of the NRCP 12(b)(5) motion. Accordingly, because the district court properly applied its past

---

[5]The Edgeworths do not argue that the district court's finding of an implied contract could have formed the basis of their breach of contract and good faith and fair dealing claims.

findings to the present motion, it did not err in granting the NRCP 12(b)(5) motion.[6]

*The $50,000 attorney fee award under NRS 18.010(2)(b)*

The Edgeworths argue that the district court abused its discretion by awarding attorney fees to Simon in the context of dismissing their conversion claim because their claim was neither groundless nor brought in bad faith and the district court failed to consider the *Brunzell* factors.

The district court awarded attorney fees under NRS 18.010(2)(b) for the Edgeworths' conversion claim alone because it found that the Edgeworths' conversion claim was not maintained upon reasonable grounds. Once Simon filed the attorney lien, the Edgeworths were not in exclusive possession of the disputed fees, *see* NRS 18.015(1), and, accordingly, it was legally impossible for Simon to commit conversion, *see M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 911, 193 P.3d 536, 543 (2008) (holding that to prevail on a conversion claim, the plaintiff must have an exclusive right to possess the property). We perceive no abuse of discretion in this portion of the district court's decision. *See* NRS 18.010(2)(b) (authorizing courts to award attorney fees for claims "maintained without reasonable ground or to harass the prevailing party"). As to the amount of the award, however, we conclude that the district court's order lacks support. The district court need not explicitly mention each

---

[6]In his cross-appeal in Docket No. 77678, Simon argues that the district court erred by denying his anti-SLAPP special motion to dismiss as moot. However, Simon failed to present cogent arguments and relevant authority in his opening brief. Accordingly, we do not consider his argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not supported by cogent argument).

*Brunzell* factor in its order so long as the district court "demonstrate[s] that it considered the required factors, and the award [is] supported by substantial evidence." *Logan*, 131 Nev. at 266, 350 P.3d at 1143 (mandating that a district court consider the *Brunzell* factors, but explaining that "express findings on each factor are not necessary for a district court to properly exercise its discretion").

While the district court did not make explicit *Brunzell* findings, it satisfied the first prong under *Logan* by noting that it "[had] considered all of the factors pertinent to attorney's fees." However, the district court did not provide sufficient reasoning explaining how it arrived at $50,000, and it is not obvious by our review of the record. Accordingly, we vacate the district court's order awarding attorney fees and remand for further findings.

*The costs award*

The Edgeworths challenge the award of costs, arguing that the district court failed to explain or justify the amount. Having considered the record and the parties' arguments, we conclude that the district court acted within its sound discretion in awarding Simon $5,000 in costs. *Logan*, 131 Nev. at 267, 350 P.3d at 1144 (explaining that this court reviews an award of costs for an abuse of discretion). Here, the district court explained that it awarded $5,000 of the requested $18,434.74 because Simon only requested an award for work performed on the motion to dismiss, not the adjudication of the attorney lien. As Simon's counsel acknowledged, only $5,000 of the requested costs related to the motion to dismiss and thus only that $5,000 is recoverable. Because the cost award is supported by an invoice and memorandum of costs, we conclude that the district court acted within its sound discretion when it awarded $5,000 in costs to Simon.

In sum, as to the Edgeworths' appeal in Docket No. 77678, we affirm the district court's order granting Simon's motion to dismiss as well as the order awarding $5,000 in costs. However, we vacate the district court's order awarding $50,000 in attorney fees and $200,000 in quantum meruit and remand for further findings regarding the basis of the awards. As to Simon's cross-appeal in Docket No. 78176, we affirm the district court's order denying Simon's anti-SLAPP motion as moot.

For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED in part and VACATED in part AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

cc: Hon. Tierra Danielle Jones, District Judge
Dana Jonathon Nitz, Settlement Judge
James R. Christensen
Vannah & Vannah
Christiansen Law Offices
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A